**UNITED STATES, Appellee,**

v.

**Staff Sergeant (E–6) David A. CANNON, Jr., 289–50–2201, United States Army, Appellant.**

**CM 448718.**

U.S. Army Court of Military Review.

25 Nov. 1986.

---

**28.** See note 19, *supra.*

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Major Dale K. Marvin, JAGC, Captain Peter M. Cardillo, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Samuel J. Rob, JAGC (on brief).

Before O'ROARK, RABY and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

Appellant was convicted of signing a false official document with intent to deceive and with larceny of $11,373.00, property of the U.S. Government, in violation of Articles 107 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 907 and 921 (1982), respectively. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for thirteen months, forfeiture of all pay and allowances and reduction to the grade of Private E–1.

Appellant asserts that he was denied effective assistance of counsel during the post-trial proceedings of his court-martial, when his trial defense counsel failed to notify the convening authority of the military judge's clemency recommendation which is reported in the record of trial.

The pertinent facts reveal that after imposing sentence the military judge stated:

> However, I'm doing this by way of clemency.... I am recommending to the convening authority that if you make significant progress towards restitution of the money you have taken, and I'm assuming that the government can take more money that (sic) what's in the specification.... But, should you make significant progress towards restitution, I recommend that the convening authority suspend or disapprove a pro rata share portion of the confinement in excess of six months.

> .    .    .    .    .

> Now this recommendation I made is not binding on—on the convening authority. Even if you give the money back, he doesn't have to change it ... *but it's a recommendation from me to him, and I'm sure your counsel will run with that.* (Emphasis added).

Notwithstanding the fact that appellant made $2,455.81 restitution by means of government recoupment action from his military pay and allowances during December 1985 through March 1986, neither the staff judge advocate in his post-trial recommendation nor the defense counsel in his response thereto or by way of a separate clemency petition informed the convening authority of the military judge's recommendation. We find that the $2,455.81 recouped from appellant was a substantial amount, even though appellant's indebtedness to the government exceeded the amount reflected in the larceny specification.

**678**

■ In *United States v. Davis*, 20 M.J. 980, 982–983 (A.C.M.R.), *petition denied*, 21 M.J. 315 (C.M.A.1985), this court held that Congress intended that the primary responsibility for presenting this type of information (military judge's sentencing recommendations) to the convening authority rests with the trial defense counsel. *See generally*, Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 502(d)(6) (Discussion at (E)(iii) regarding the post-trial duty of defense counsel concerning the submission of matters to the convening authority); *United States v. Brown*, 21 M.J. 780, 781 (A.C.M.R.1986). The military judge recognized the scope of the defense counsel's responsibilities in this area and reminded him of this, albeit inartfully, on the trial record. We reaffirm our holding in *Davis,* and continue to place the burden on the shoulders of defense counsel to advise the convening authority of any clemency recommendations made by the military judge during trial.

■ In another *Davis* case, *United States v. Davis*, 20 M.J. 1015 (A.C.M.R. 1985), Senior Judge Wold opined that a trial defense counsel's failure to notify the convening authority of the trial judge's clemency recommendation (recommendation of suspension of bad-conduct discharge) deprived the accused of the effective assistance of counsel.[1] In our earlier *Davis* case this court recognized that "in certain extremely grievous situations ... such an election [not to submit matters on behalf of an accused during the post-trial process] may give rise to an issue of inadequacy of counsel." *United States v. Davis*, 20 M.J. at 983 n. 6. One such situation *may* be the defense counsel's failure to inform the convening authority of the military judge's on-the-record recommendations for clemency. However, when a failure to advise does not rise to the level of plain error, waiver occurs.[2] *Id.*

■ In the case at bar, the government contends that the military judge did not intend to recommend any form of clemency unless the appellant made "an effort at restitution above and beyond the Government recoupment efforts." We find this to be a very strained interpretation of the military judge's remarks. However, in view of defense counsel's overall professional performance of duty, coupled with the remote possibility that the military judge's recommendation was misconstrued, we elect to moot this issue by giving appellant the forty-eight day reduction in confinement which he seeks.

Henceforth, defense counsel are admonished that a failure to timely advise the convening authority of any clemency recommendation made on the record by the military judge may not be so charitably viewed by this court.

The findings of guilty are affirmed.

Reassessing the sentence on the basis of the entire record, only so much of the sentence is affirmed as provides for a bad-conduct discharge, confinement for eleven months and twelve days, forfeiture of all pay and allowances and reduction to the grade of Private E–1.

Chief Judge O'ROARK took no part in the decision of this case.

---

1. For a discussion of inadequacy of counsel *see generally Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Jefferson,* 13 M.J. 1 (C.M.A.1982); *United States v. Rivas,* 3 M.J. 282 (C.M.A.1977); *United States v. Haston,* 21 M.J. 559 (A.C.M.R. 1985), *petition granted on other grounds,* 22 M.J. 369 (C.M.A.1986).

2. We find that under the facts of the case at bar, the trial defense counsel's failure to inform the convening authority of the military judge's recommendation for clemency constituted plain error. *See generally,* R.C.M. 1105 and 1106.