UNITED STATES, Appellee,

v.

Sergeant Lonnie V. DERKSEN, 263–29–0303, United States Army, Appellant.

No. SPCM 22522.

U.S. Army Court of Military Review.

10 July 1987.

For appellant: Major Marion E. Winter, JAGC, Captain Debra D. Stafford, JAGC (on brief).

For appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Lieutenant Colonel Larry D. Williams, JAGC, Captain Tarek Sawi, JAGC (on brief).

Before FELDER, KING, and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

FELDER, Senior Judge:

Appellant was tried on 28 May 1986 by a military judge serving as a special court-martial in Germany. In accordance with his pleas, he was found guilty of an attempt to use marijuana (Specification of Charge I), possession of marijuana (Specification of Charge II), and possession of drug paraphernalia (Specification of Charge III), in violation of Articles 80, 112a, and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 912a, and 892 (1982 and Supp. II 1984) [hereinafter UCMJ], respectively. The military judge sentenced the appellant to a bad-conduct discharge, confinement for three months, forfeiture of $426.00 pay per month for three months, and reduction to the grade of Private E-1. The convening authority approved the sentence, which was the same as that contained in the pretrial agreement.

### Substitute Service

Appellant claims that the convening authority, by failing to provide him with the record of trial before taking action, denied him the opportunity to personally submit matters under the Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial [hereinafter R.C.M.] 1105. This rule allows an accused to submit matters within 30 days of sentencing or within seven days after the service of the record of trial upon him under R.C.M. 1104(b)(1), whichever is later. The convening authority may, for good cause shown, extend the 30–day period for up to 20 days and the seven-day period for up to ten days. The appellant was informed of the provisions of R.C.M. 1105(c)(1) and 1104(b)(1) by the military judge after the sentence was announced.

In this case, the appellant was sentenced on 28 May 1986. The convening authority took final action on the case on 14 July

1986 (47 days later) and, on 23 July 1986 (56 days after sentencing), the appellant received the record of trial at Fort Knox, Kentucky. The record does not reflect when the appellant actually left Germany and arrived at Fort Knox. However, in the interim, the defense counsel was forwarded a copy of the record of trial under R.C.M. 1104(b)(1)(C) ("substitute service") on or about 23 June 1986 (26th day). On 26 June 1986 (29th day), the defense counsel forwarded the record back to the staff judge advocate requesting personal service on the appellant and reserving the appellant's right to submit additional matters to the convening authority. On 27 June 1986 (30th day), the defense counsel forwarded a written request to the staff judge advocate for "a defense delay in the government post-trial processing time to allow personal service of the authenticated record of trial, as requested by the accused, on the accused." On 30 June 1986 (33rd day), the government decided that there would be no delay in post-trial processing, taking the position that "substitute service" under R.C.M. 1104(b)(1)(C) had been accomplished in the case and that it was "wholly appropriate under the circumstances."

Appellant contends substitute service on the defense counsel was inappropriate because appellant requested personal service of the record of trial and because no determination of "impracticability" has been made. Appellant argues that by invoking the provision for substitute service the government has denied him the right to personally submit matters to the convening authority. These contentions merit discussion.

The right of the accused to submit "any matters which may reasonably tend to affect the convening authority's decision," R.C.M. 1105(b), stems from Article 60(b)(1), UCMJ, which provided,[1] in pertinent part, that:

Within 30 days after the sentence of a general court-martial or a special court-martial which has adjudged a bad-con-

1. Article 60(b), 10 U.S.C. § 860(b) was, on 14    November 1986, subsequently amended.

duct discharge has been announced, the accused may submit to the convening authority matters for consideration by the convening authority with respect to the findings and sentence.[2]

Appellant effectively urges a literal meaning of the word "accused" as it appears in R.C.M. 1105(b) and Article 60(b), UCMJ. If this interpretation is correct, an accused may insist on personal service of the record of trial. As a result, the convening authority should not take action on the case until seven days after the appellant personally receives a copy of the record of trial.

■ Our review of the provisions in question, the applicable case law, and the legislative history of the UCMJ convinces us that appellant's interpretation is overly restrictive. While an accused is obviously entitled to a personal copy of the authenticated record of trial, *see* Article 54(d), UCMJ, this statutory entitlement is not a condition precedent to the convening authority's action on a case. The submission of matters to the convening authority on an accused's behalf is traditionally accomplished by the trial defense counsel. *See* R.C.M. 502(d)(6) discussion, (E)(iii). The effective assistance of counsel is essential if the right to submit matters is to be meaningful. *Cf.* R.C.M. 1105(b). The importance of the guiding hands of counsel at this stage of the proceedings did not escape Congress' watchful eyes when the UCMJ was recently amended.

As indicated, the committee amendment would provide express authority for such submissions and establish time limitations in Article 60(b) of the Uniform Code of Military Justice. It should be noted that the opportunity to submit matters to the convening authority does not relieve the accused of the responsibil-

ity for gathering material that should be presented at trial.

Also, the amended bill ensures that the accused will have the opportunity to use the record of trial in preparing a submission to the convening authority. In that regard, it is intended that the provision of the record of trial to the accused may be accomplished by service on his counsel.

H.R.Rep. No. 549, 98 Cong., 1st Sess., 15 (1983), U.S.Code Cong. & Admin.News 1983, pp. 2177, 2180.

■ Accordingly, we find that the requirement of service of the record of trial on the accused before the convening authority's action may be satisfied, in a proper case, by substitute service on the trial defense counsel. *See United States v. Diamond,* 18 M.J. 305, 308 (C.M.A.1984); *United States v. Cruz-Rijos,* 1 M.J. 429, 432 (C.M.A.1976).

The next question is whether substitute service was properly invoked in this case. The pertinent rule provides:

If it is impracticable to serve the record of trial on the accused because of *the transfer of the accused to a distant place,* the unauthorized absence of the accused, or military exigency, or if the accused so requests on the record at the court-martial or in writing, the accused's copy of the record shall be forwarded to the accused's defense counsel, if any.

R.C.M. 1104(b)(1)(C) (emphasis added).

■ Appellant maintains that the failure of the government to establish "impracticability" renders substitute service inappropriate. We disagree. The rule does not require such a showing; rather, it enumerates several circumstances which render personal service of the record to be impracticable and substitute service an appropriate alternative.[3] The occurrence of

---

2. Article 60(b)(3), UCMJ, additionally provided that "[i]n no event shall the accused in any general or special court-martial case have less than a seven-day period after the day on which a copy of the authenticated record of trial has been given to him within which to make a submission under paragraph (1)."

3. The emphasized language of the rule is susceptible to a case by case analysis. Since appellant's unit was located in the Federal Republic of Germany and he was transferred to Fort Knox, Kentucky, we have no difficulty in finding that appellant was transferred to "a distant

one of the enumerated conditions permits the government to use the substitute service provision. Here, the transfer of the appellant to a distant place authorized the government to effect substitute service on the trial defense counsel.

■ One final matter merits discussion. The defense counsel refused substitute service of the record of trial and, in the alternative, requested an indefinite delay in post-trial processing,[4] demanding that the appellant personally be served with the record. We need not discuss the propriety of his refusal of substitute service and comment only on the sufficiency of the request for delay.

We do not believe counsel met the burden of demonstrating the need for additional time. Counsel's expressed difference of opinion as to the propriety of substitute service does not show that additional time is required for the preparation and submission of matters to the convening authority. Counsel specifically requested the additional time so that service could be accomplished on the appellant. As we have explained, personal service on the appellant was not required in this case. The convening authority was not compelled to grant a request for delay in post-trial processing that makes no attempt to demonstrate a need for the additional time. Article 60(b)(1), UCMJ. The request in this case was simply inadequate for the purpose of demonstrating any need for additional time to submit matters concerning the findings or sentence.

■ To date, nowhere in the record of trial or among the allied papers is there any indication that the appellant actually intended to submit matters to the convening authority prior to his final action. Defense counsel submitted the request for delay the last day permitted for submission of matters under the thirty-day prong of R.C.M. 1105(c)(1). In any event, the final action of the convening authority was not taken until twenty-one days after substitute service was initiated. The defense counsel, therefore, had ample opportunity to submit any desired matters, but failed to avail himself of the opportunity in the forty-seven days that elapsed between the announcement of the sentence and the final action of the convening authority. Appellant was not deprived of the opportunity to submit matters to the convening authority, under the facts of this case. Article 60(d), UCMJ; *United States v. Diamond*, 18 M.J. at 308; R.C.M. 1105(c)(1). *See also* R.C.M. 1105(d)(1).

*Multiplicity*

■ The three offenses took place on 6 February 1986. While attending a rock concert, appellant carried approximately two grams of marijuana and a smoking pipe on his person. At the concert, he placed some of the marijuana in the pipe. While in the process of lighting the pipe, he was arrested by German undercover police. Appellant now argues that the attempt to use marijuana was multiplicious for findings and sentencing with the wrongful possession, and that the possession of drug paraphernalia was multiplicious for sentencing with both the attempt to use and wrongful possession. His argument is correct.

■ The law is that simultaneous possession and *actual use* of an illegal drug are multiplicious for findings. *United States v. Bullington*, 18 M.J. 164 (C.M.A. 1984). We believe the same result should obtain for possession and *attempted use* because both charges are lesser included offenses of actual use. Manual for Courts-Martial, United States, 1984, Part IV, para. 37*d* (2). This is true in the instant case although the marijuana in the pipe had only recently been separated from the larger quantity found in appellant's pocket. *See United States v. Anglin*, 15 M.J. 1010 (A.C.M.R.1983). Similarly, appellant's wrongful possession of drug paraphernalia is multiplicious for sentencing purposes

---

place" within the meaning of R.C.M. 1104(b)(1)(C).

4. An indefinite delay is not authorized. *See* Article 60(b)(1), UCMJ.

with the attempted use and possession of marijuana charges. *See United States v. Bell,* 16 M.J. 204 (C.M.A.1983) (summary disposition).

■ Accordingly, the findings of guilty of the Charge II and its Specification (possession of marijuana) are set aside and that Charge and specification are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the sentence is affirmed. *See United States v. Dukes,* 5 M.J. 71 (C.M.A.1978) (sentence reassessment must consider record as a whole); *United States v. Yoakum,* 14 M.J. 959, 962 (A.C.M.R.1982) (punitive discharge found appropriate for noncommissioned office convicted of drug offense), *petition denied,* 17 M.J. 23 (C.M.A. 1983); *United States v. De Los Santos,* 7 M.J. 519 (A.C.M.R.1979).

Judge ROBBLEE concurs.

Judge KING did not participate in the decision of this case.