UNITED STATES, Appellee,

v.

Private First Class Robert A. JONES, 073–66–9116, United States Army, Appellant.

ACMR 8701949.

U.S. Army Court of Military Review.

24 May 1988.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain Ralph L. Gonzalez, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Gary L. Hausken, JAGC, Captain Jonathan F. Potter, JAGC (on brief).

Before FELDER, GILLEY and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

Pursuant to appellant's pleas, a military judge sitting as a general court-martial found him guilty of making two false statements with intent to deceive and making a false claim of $750.00 against the United States, in violation of Articles 107 and 132, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 907 and 932, respectively. The convening authority approved the adjudged bad-conduct discharge and reduction in grade to Private E–1, but approved only eleven of the thirteen months adjudged confinement.

■ The appellant, through counsel and personally, asserts that—

THE PAYMENT OF A SUM CERTAIN AS A PREREQUISITE TO ACCEPTANCE OF A PRETRIAL AGREEMENT DENIED APPELLANT EQUAL PROTECTION UNDER THE LAW.

We decide this case on a different ground, however. We hold that affirmance of only eight months of the confinement is appropriate as a matter of fairness because the

government had recouped before trial the money it sought as a condition for the pretrial agreement.

The appellant offered to plead guilty to these offenses in exchange for an agreement with the convening authority that he would not approve more than eight months confinement. The staff judge advocate responded that appellant must make restitution of the $400.00 paid by the government on the false claim before he would recommend approval of the proposed pretrial agreement. The appellant said he could not pay the $400.00. On 31 August 1987, the convening authority disapproved the offered pretrial agreement. Also on 31 August 1987, the government recouped the $400.00 by withholding it from appellant's pay and allowances.[1] On 1 September 1987, the government tried the appellant.

 The appellant and the government properly could make restitution part of pretrial negotiations. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial [hereinafter M.C.M., 1984 and R.C.M., respectively] 705(c)(2)(C) and (d)(2). The convening authority also could properly reject the proposed pretrial agreement. Generally, "[t]he convening authority may either accept or reject an offer of the accused to enter into a pretrial agreement. The decision is within the *sole discretion of the convening authority.*" (Emphasis added.) R.C.M. 705(d)(4).

Nevertheless, this broad discretionary authority must be exercised fairly. The accused must be "treated with 'fairness' throughout the entire plea bargaining process." *United States v. Kazena,* 11 M.J. 28, 34 (Everett, C.J., concurring in the result) (C.M.A.1981); *cf. Shepardson v. Roberts,* 14 M.J. 354, 358 (C.M.A.1983). We find fairness to require consideration of the government's ability to recover by involuntary recoupment the money owed. *See United States v. Olson,* 25 M.J. 293, 296 n. 5 (C.M.A.1987) (recoupment by government, as a "victim," recognized as restitution); *United States v. Cannon,* 23 M.J. 676, 677 (A.C.M.R.1986) ("appellant made $2455.81 restitution by means of government recoupment action from his military pay and allowances").[2]

Here, the government had achieved before trial on 1 September the very consideration it sought in the pretrial agreement.[3] Thus, whether the appellant could or would restitute the government voluntarily was no longer a matter of negotiation—it could not be bargained-for consideration—nor should it have been the basis for disapproving the offer to plead guilty. Accordingly, on the facts of this case, we will affirm only eight months confinement.[4]

The findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the court affirms only so much of the sentence

---

**1.** This payment to appellant may have been his final pay as his scheduled end of term of service was 31 August 1987. We note that the action to recoup the $400.00 normally would begin earlier than the payday when the soldier learned of the recoupment. In fact, had the appellant paid $400.00 restitution, action would have been required to return to the appellant the $400.00 recouped. On 24 February 1987, the appellant confessed in writing to making the fraudulent claim.

**2.** By doing so, needless denial of pretrial agreements can be avoided. Moreover, recoupment may be possible, while voluntary restitution *could not* be because of debts already owed by or judgments outstanding against an accused.

**3.** We note that nowhere does the government rebut the representations by trial and appellate defense counsel that the government withheld $400.00 from the appellant's August 1987 pay and allowances to recover the amount paid under the fraudulent claim.

**4.** Trial defense counsel raised this issue after sentence was announced and before the court adjourned. That was not too late for the military judge, who was the sentencing authority, to take appropriate remedial action. *Cf.* R.C.M. 905(e).

Contrary to the assertion in the dissent, this opinion should assist the government and the accused in *negotiating pretrial agreements* successfully. The power of the convening authority is not at issue. Instead, we address the unfairness in denying approval of a pretrial agreement because the government failed to consider that it had performed its duty to collect the money the accused owed it. *See* 37 U.S.C. 1007(c). Further, we do not perceive a "windfall" to an accused who forfeits $400.00 from his pay rather than pays it from his pocket. Rather, the government and accused can proceed to mutually beneficial pretrial agreements bargained from realistic positions.

as provides for a bad-conduct discharge, confinement for eight months, and reduction to the grade of Private E–1.

Senior Judge FELDER concurs.

ROBBLEE, Judge, dissenting:

The government has an independent administrative responsibility to take involuntary collection action to recover debts owed to it.[1] *See* 37 U.S.C. 1007(c). In my view the majority inappropriately equates involuntary recoupment responsibility, an administrative finance and accounting function, to voluntary restitution, a lawful incident of the pretrial negotiation process. Its holding, in effect, vitiates the convening authority's power to require restitution as a part of a pretrial agreement because of an independent administrative duty in the government to undertake collection actions against its debtors. Far from fairness, the result in this case confers an unwarranted windfall[2] on the appellant and those who will follow him while undercutting long-settled law relative to the military plea bargaining process.

---

1. I do not view the date collection action was undertaken as significant since there is no indication that the government sought restitution *plus* recoupment in the case at bar.

2. The majority confers a windfall upon appellant when it asserts as a matter of fairness that the fact of the government's involuntary collection power should, *ipso facto,* entitle an appellant to benefits conditioned on restitution. This is manifestly untenable where, as here, the appellant did no more than make an unacceptable offer to plead guilty, *compare Shepardson v. Roberts,* 14 M.J. 354, 356 (C.M.A.1983) (*agreed upon* offer to plead guilty and reasonable reliance thereon to the detriment of appellant might yield a different result), and the convening authority meaningfully mitigated the sentence as to confinement.