**UNITED STATES, Appellee,**

v.

**Sergeant Troy D. EURING, 336–54–0608, United States Army, Appellant.**

**ACMR 8801186.**

U.S. Army Court of Military Review.

13 Jan. 1989.

For Appellant: Colonel John T. Edwards, JAGC, Captain Thomas A. Sieg, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Gary L. Hausken, JAGC (on brief).

Before DeFORD, KANE, and WERNER, Appellate Military Judges.

## OPINION OF THE COURT ON RECONSIDERATION

DeFORD, Senior Judge:

Pursuant to his pleas, the appellant was convicted of wrongful use of cocaine, a violation of Article 112a of the Uniform Code of Military Justice, 10 U.S.C. § 912a (Supp.1987). His approved sentence included a bad-conduct discharge, confinement for three months, forfeiture of $447.00 pay per month for three months, and reduction to Private E1.

Relying on the decision of this court in *United States v. Hallums*, 26 M.J. 838 (A.C.M.R.1988), the appellant contends that there is no tangible proof of record that the convening authority considered the appellant's post-trial submission of clemency matters. *See United States v. Hallums*, 26 M.J. at 841. On the facts of this case, we find no error.

We first note that appellant does not allege that the convening authority did not consider his post-trial clemency submissions, but rather that the record itself does not reflect his consideration thereof. For the reasons described below, we need not decide whether our decision in *United States v. Hallums, supra*, is applicable here.

The appellant was tried and sentenced on 25 May 1988. The military judge authenticated the record of trial 17 June 1988. On 5 July 1988, the trial counsel certified that he had transmitted by certified mail a copy of the record of trial to the appellant at Fort Knox, Kentucky. On 7 September 1988, the appellant signed a receipt ac-

* Senior Judge Ned E. Felder took final action in this case prior to his retirement.

knowledging his receipt of the record at Rock Island, Illinois. A certificate of service attached to the record as an allied paper establishes that the appellant's trial defense counsel was served with the staff judge advocate's recommendation and the record of trial on 8 July 1988. That same day, the appellant's defense counsel requested that the time period for his post-trial submissions be extended until 28 July 1988. The convening authority granted the request. The appellant's post-trial submission of a request for clemency is dated 1 August 1988. The convening authority took final action in the case on 10 August 1988.

■ Rule for Courts–Martial 1105 provides that an accused may submit clemency matters for consideration by the convening authority "within the later of 10 days after a copy of the authenticated record of trial or, if applicable, the recommendation of the staff judge advocate ... is served upon the accused." Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1105(c)(1) [hereinafter R.C.M.]. Because the appellant was served with the record of trial and the recommendation of the staff judge advocate on 8 July 1988, he was required to submit his post-trial petition for clemency no later than 18 July 1988. As authorized by R.C.M. 1105(c)(1), the defense counsel requested and was granted an extension of time until 28 July 1988, within which to file his post-trial submissions under R.C.M. 1105 and 1106. However, the matters were not submitted until 1 August 1988. Failure to submit such matters within the time period or any extension permitted by the rule, "shall be deemed a waiver of the right to submit such matters." R.C.M. 1105(d)(1). Therefore, although the convening authority may well have considered the defense counsel's post-trial submissions, he was not legally required to consider the appellant's belated submission of clemency matters.

In an attempt to avoid this waiver rule, the appellant argues that the time period for the submission of post-trial matters is controlled not by the service of the authenticated record of trial and staff judge advocate's recommendation upon the defense counsel, but by the actual service upon an accused of the authenticated record of trial or by substitute service upon the trial defense counsel. *Compare* R.C.M. 1104(b)(1) *with* R.C.M. 1105(c)(1) and R.C.M. 1106(f)(5). The record discloses that the trial counsel forwarded by certified mail the appellant's copy of the record of trial to the appellant at Fort Knox, Kentucky, on 5 July 1988. The appellant actually received the record of trial at Rock Island, Illinois, on 7 September 1988. Thus, the service of the record of trial was accomplished not by substitute service as permitted by R.C.M. 1104(b)(1)(C) but by actual service by means of certified mail. The appellant concludes that the ten day period did not begin to run until 7 September 1988, the date that he was in actual receipt of the record of trial, because there was no "substitute" service of the record. Thus, the crux of the issue is whether the phrase "service on the accused" as set out in R.C.M. 1105(c)(1) is to be interpreted as requiring actual service of the authenticated record of trial as does R.C.M. 1104.[1]

Rules for Courts–Martial 1105 and 1106 were promulgated pursuant to the congressional mandate set forth as Article 60(b) of the Code, 10 U.S.C. § 860(b), as authorized by Article 36 of the Code, 10 U.S.C. § 836. Article 60(b) provides:

[T]he accused may submit to the convening authority matters for consideration by the convening authority with respect to the findings and the sentence. Except in a summary court-martial case, such a submission shall be made within 10 days after the accused has been given an authenticated record of trial and, if applicable, the recommendation of the staff judge advocate or legal officer.

1. Rule for Courts–Martial 1104 requires actual service of the record of trial upon the accused but permits substitute service upon the accused's defense counsel when actual service is impracticable. *Compare* R.C.M. 1104(b)(1)(A)

*with* R.C.M. 1104(b)(1)(C). It is obvious that the appellant had been transferred as early as 5 July 1988 and was not physically present in the command in which he was tried as of that date.

Article 60(b)(1), UCMJ. In interpreting the requirements of this provision of the Code, this court has previously determined that the word "accused" as it appears within Rules 1105 and 1106 is not intended to have the literal meaning that it does within Article 54 of the Code, 10 U.S.C. § 854.[2] *United States v. Derksen*, 24 M.J. 818, 821 (A.C.M.R.1987). In *Derksen*, the court noted that the legislative history of Article 60, UCMJ, indicated that the framers of the article intended that service upon the accused for purposes of article 60, UCMJ, was satisfied by service on the accused's counsel. *United States v. Derksen*, 24 M.J. at 821 (citing H.R.Rep. No. 549, 98 Cong., 1st Sess., 15 (1983), U.S.Code Cong. & Admin.News 1983, pp. 2177, 2180).

Article 38 of the Code, 10 U.S.C. § 838, reiterates this intent. In setting out the duties of defense counsel, Article 38 provides in part that the defense counsel "may forward for attachment to the record of proceedings a brief of such matters as he determines should be considered in behalf of the accused on review" or "may assist the accused in the submission of any matter under [Article 60, UCMJ]." Article 38(c)(1) and (2), UCMJ. Rule for Courts–Martial 502 indicates that the broad duties of representation include post-trial representation in specifically providing that "[d]efense counsel shall represent the accused in matters under the code and these rules arising from the offenses of which the accused is then suspected or charged." R.C.M. 502(d)(6). The United States Court of Military Appeals has specifically ruled that the duties of defense counsel extend to post-trial representation. *United States v. Titsworth*, 13 M.J. 147 (C.M.A.1982).

This court has likewise ruled that the attorney-client relationship survives trial and extends into post-trial actions. *United States v. Cannon*, 23 M.J. 676, 678,

(A.C.M.R.1986); *United States v. Davis*, 20 M.J. 1015 (A.C.M.R.1985). *See United States v. Davis*, 20 M.J. 980, 982–83 (A.C.M.R.), *petition denied*, 21 M.J. 315 (C.M.A.1985) (the responsibility for presenting relevant post-trial matters to the convening authority rests primarily with the accused's defense counsel). *But see United States v. Lohrman*, 26 M.J. 610, 612 n. 3 (A.C.M.R.1988) (the failure of the trial defense counsel to respond to the erroneous post-trial recommendation of the staff judge advocate was not ineffective assistance of counsel because the appellant was not deprived of a fair trial). Thus, we reiterate the holding of *United States v. Derksen* that the requirements and purposes of R.C.M. 1105 and 1106 permit constructive service of the authenticated record of trial upon the accused's trial defense counsel. Such constructive service is sufficient to trigger the waiver rules of R.C.M. 1105(d)(1) and 1106(f)(6). *But see United States v. Moore*, 27 M.J. 656 at 657 n. 4 (A.C.M.R. 1988).[3] R.C.M. 1106 specifically provides for service of the staff judge advocate's recommendation upon the trial defense counsel while the literal language of Rule 1105 provides for service "on the accused." We hold that the President intended that constructive service on the trial defense counsel to be satisfactory compliance with the language of R.C.M. 1105 requiring service on the accused as permitted by the Congressional intent underlying Article 60 of the Code. *See United States v. Derksen, supra.*

Conversely, the requirement of R.C.M. 1104 providing for service of an authenticated record of trial on an accused derives from Article 54(d), UCMJ, and not Article 60 of the Code. Therefore, the language of R.C.M. 1104 does not control the interpretation of R.C.M. 1105 and 1106. Consequently, service of the post-trial review and the

---

**2.** Article 54 of the Code provides that "[a] copy of the record of the proceedings of each general and special court-martial shall be given to the accused as soon as it is authenticated." Article 54(d), UCMJ.

**3.** As authority, dictum within the case of *United States v. Moore* relies on *United States v. Thompson*, 26 M.J. 512 (A.C.M.R.1988). In

*Thompson*, the court found that an authenticated record of trial had not been served upon the defense counsel; consequently, the time period was never triggered. *United States v. Thompson*, 26 M.J. at 513 n. 3. That case is clearly distinguishable on its facts from the case before us here.

authenticated record of trial on appellant's defense counsel on 8 July and the granted extension established the allowable time in which appellant and his counsel were permitted to respond to the post-trial review under R.C.M. 1105 and 1106. The failure to respond within the allowable time period resulted in waiver of the right to submit such matters. R.C.M. 1105(d)(1). Although the convening authority may well have considered the appellant's submission of clemency matters, he was not legally required to do so. Accordingly, the appellant has not been prejudiced by the lack of any tangible proof of record that the convening authority considered his belated submissions.

We have considered the appellant's sentence appropriateness argument pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and find it to be without merit.

The findings of guilty and the sentence are affirmed.

Judge KANE and Judge WERNER concur.