UNITED STATES, Appellee,

v.

Michael R. NIGRO, Staff Sergeant, U.S. Marine Corps, Appellant.

No. 61,149.
NMCM 87 4188.

U.S. Court of Military Appeals.

Aug. 29, 1989.

**416**

For Appellant: *Lieutenant John L. Staley, JAGC, USNR* (argued).

For Appellee: *Lieutenant Charles A. Polen, JAGC, USNR* (argued); *Captain Wendell A. Kjos, JAGC, USN* and *Lieutenant Sigurd R. Peterson, Jr., JAGC, USNR* (on brief); *Lieutenant Scott A. Hagen, JAGC, USNR.*

*Opinion of the Court*

COX, Judge:

Appellant was tried by a general court-martial with members. Contrary to his pleas, he was found guilty of one specification each alleging conspiracy to commit larceny and forgery; 1–day absence without leave; willful disobedience of an order of an officer; wrongful appropriation of a privately-owned vehicle; 15 specifications alleging the unlawful making and uttering of bad checks; 2 specifications of forgery; and 11 specifications of dishonorable failure to maintain sufficient funds in a checking account, in violation of Articles 81, 86, 90, 121, 123a, 123, and 134, Uniform Code of Military Justice, 10 USC §§ 881, 886, 890, 921, 923a, 923, and 934, respectively. He was sentenced to a dishonorable discharge, confinement for 18 months, total forfeitures, and reduction to pay grade E–1. The sentence was approved by the convening authority, and the Court of Military Review affirmed in a short-form opinion. We granted review of a question concerning the military judge's denial of a challenge for cause arising out of juror misconduct.[1]

During the Government's case on the merits, Mr. Edward Price, a civilian employee of the Navy Federal Credit Union (NFCU), was called to testify as to certain banking procedures. One of the court-members submitted a question in writing to Mr. Price, to which defense counsel objected. *Voir dire* of the witness revealed that he did not possess the requisite knowledge to answer the question. Accordingly, the military judge informed the members that the question would not be asked of the witness. Despite this ruling by the court, the member, on his own initiative, decided to call the NFCU security office and pose a hypothetical question identical to the one which had been excluded by the judge. The employee who received the call advised the member to contact the same Mr. Price who had previously testified. The member did; however, Mr. Price refused to answer the question because of its obvious connection to the case. At this point the conversation terminated. Mr. Price promptly informed the court of the member's actions.

At the next session of the court-martial after findings, the military judge and both trial and defense counsel engaged in *voir dire* of the member to determine whether his actions had tainted the fairness of the

---

1. The issue, as stated by appellant, is as follows: WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY DENYING THE CHALLENGE FOR CAUSE TO MAJOR TAVERNA, WHEN THE LATTER HAD ENGAGED IN MISCONDUCT RELATING TO THE COURT PROCEEDINGS WHICH IRREPARABLY AFFECTED HIS ABILITY TO BE A FAIR AND OPEN MINDED MEMBER.

proceedings. It was established that the member had attempted to acquire this information prior to findings. However, because Mr. Price had refused to respond to the hypothetical question, the member ultimately went into deliberation on findings armed with no more information than was properly available to him. Further, he did not discuss his actions with any of the other members.

Following the *voir dire*, the military judge chastised the member for his actions. He ruled, however, that the misconduct had not prejudiced the proceedings, and he declined to disqualify the member. The member was therefore permitted to continue on the case through sentencing.

Before this Court, appellant argues, first, that the adversarial *voir dire* conducted by his own counsel and the chastisement by the military judge effectively rendered this member incapable of remaining impartial throughout the rest of the trial process.[2] Second, appellant argues that the member, by his own actions and through his responses during the *voir dire*, demonstrated an unwillingness to remain impartial. Lastly, he argues syllogistically that if the misconduct would have subjected the member to dismissal had it been known at the start of the trial, it should likewise require dismissal at a later point in time. Consequently, appellant contends that the military judge's denial of the challenge for cause constituted an abuse of discretion. We disagree.

Absent a clear abuse of discretion, this Court is not inclined to disturb a judge's ruling on a challenge for cause in the empaneling of a jury. *United States v.*

*Smart*, 21 MJ 15, 19 (CMA 1985), *quoting United States v. Ploof*, 464 F.2d 116, 118–19 n. 4 (2d Cir.), *cert. denied*, 409 U.S. 952, 93 S.Ct. 298, 34 L.Ed.2d 224 (1972). We apply the same standard when reviewing a military judge's evaluation of member misconduct. *See United States v. Smart*, 21 MJ at 20. Furthermore, merely failing to follow the military judge's instructions does not create an irrebuttable presumption of prejudice.[3]

[4–7] We reject appellant's argument that the *voir dire* conducted by defense counsel was so adversarial as to result in prejudice towards him or otherwise affect the member's ability to remain impartial. While defense counsel's questioning went on for an extended period, the time was not excessive and the questions were not inordinately burdensome. Substantively, the *voir dire* by the defense did not differ greatly from that of the military judge or from questions one might normally hear during pretrial *voir dire*. In any event, counsel cannot be heard to complain of an error he had a hand in creating.[4] Further, the member stated that he realized the military judge and defense counsel were just doing their jobs in questioning him. This does not lead us to conclude that he felt alienated in any way by the procedure. Similarly, we disagree with appellant's characterization of the military judge's chastisement as "hostile." His words, taken by themselves, were not unduly harsh, and the member's response in no way indicated that he perceived them as such.

We also reject appellant's contention that the member's responses regarding his motives require dismissal. We do not

2. It should be noted that both of these events occurred after findings but before sentencing. Therefore, the prejudice appellant complains of as a result of these acts could only have affected that latter part of the trial process.

3. In *United States v. Hargrove*, 25 MJ 68 (CMA 1987), *cert. denied*, —— U.S. ——, 109 S.Ct. 76, 102 L.Ed.2d 52 (1988), a murder case, we held that there was no prejudice where, in a post-trial affidavit, a member admitted to having recreated the scene of the crime in an attempt to determine the intent of the accused.

4. For this reason, it would be preferable for inquiry of a purportedly misbehaving member to be conducted by the military judge alone. Further, unless the judge intends to dismiss a member, he should restrict himself to questioning on the facts. Lecturing or chastising a member who has been found free from prejudice is inadvisable until after announcement of sentence or findings of not guilty. To do so earlier merely opens up avenues for appeal in the manner seen here.

consider this member's explanations to be wholly inconsistent. When there is ambiguity in the answers of a member, we give great weight to the evaluation of those answers by the military judge who observed the member's demeanor during *voir dire*. *See United States v. Smart*, 21 MJ at 20; *see also United States v. Reichardt*, 28 MJ 113, 116 (CMA 1989). Further, the member clearly and unequivocally stated that his actions had not biased him in any way. While a judge should not accept a perfunctory disclaimer of impartiality as conclusive, a member's unequivocal statement of a lack of bias can nonetheless carry weight. 21 MJ at 19, 20. On this record, it does not appear that the judge abused his discretion.

■ Also, we do not accept appellant's argument that the member's claim of impartiality was undermined by his failure to follow the judge's preliminary instructions.[5] In essence, appellant is arguing that failure to follow instructions is conclusive proof of lack of impartiality. However, a breach of instructions is the beginning, not the end, of the inquiry into juror misconduct.

■ Lastly, we reject appellant's argument that, had the member stated his intention to make an outside investigation at the outset, he most certainly would have been dismissed for cause; therefore, he should similarly be dismissed if he in fact does so at a later point in the trial. If we followed appellant's logic, there would never be a case where a misbehaving juror could be permitted to continue on the case. A mistrial or "excuse for cause" would be automatic. The assumption in juror-misconduct cases is that the intent to violate was not known. It is misconduct which is discovered during or after trial. We reject such a stringent rule as appellant's argument would necessitate and favor an analysis on a case-by-case basis. *See United States v. Hargrove*, 25 MJ 68 (CMA 1987), *cert. denied*, — U.S. —, 109 S.Ct. 76, 102 L.Ed.2d 52 (1988).

In summary, this member's actions prior to *voir dire* do not mandate a finding of prejudice. The *voir dire* and chastisement were relatively innocuous in this case, and we defer to the military judge's assessment of the member's testimony. We find no abuse of discretion by the military judge.

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

Chief Judge EVERETT and Judge SULLIVAN concur.

---

5. The following is an excerpt from the preliminary instructions given by the military judge:

Now, during any recess or adjournment you may not discuss the case with anyone nor may you discuss the case amongst yourselves. You must not listen to or read any account of the trial or consult any source, written or otherwise, as to matters involved in this case. You must hold your discussion of the case until you are together in your closed session deliberation so that all the panel members will have the benefit of your discussion.