UNITED STATES, Appellee,

v.

Private E2 Harry R. PONDER, 255–84–3282, United States Army, Appellant.

ACMR 8800495.

U.S. Army Court of Military Review.

7 Nov. 1989.

* Judge H.St.G.T. Carmichael took final action on this case prior to his retirement.

For Appellant: Mr. Mark L. Nestor, Esquire (argued); Captain Timothy P. Riley, JAGC (on brief).

For Appellee: Captain John J. Hogan, JAGC (argued); Lieutenant Colonel Gary F. Roberson, JAGC; Major Kathryn F. Forrester, JAGC; (on brief).

Before MYERS, JOHNSON and NEURAUTER, Appellate Military Judges.

## OPINION OF THE COURT

MYERS, Senior Judge:

Appellant was tried by a special court-martial composed of officer members on 9 and 10 March 1988 at Fort Devens, Massachusetts. After mixed pleas, appellant was found guilty of speaking disrespectful language to a noncommissioned officer, being drunk while on duty, and larceny in violation of Articles 91, 112, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 891, 912, and 921 (1982) [hereinafter UCMJ]. The members sentenced appellant to a bad-conduct discharge, confinement for six months, forfeiture of $447.00 pay per month for six months, and reduction to Private E1. The convening authority approved the adjudged sentence. Appellant now asserts the errors addressed below.

## I

Appellant first argues that the military judge erred by failing to swear the civilian defense counsel prior to trial and that such failure prejudiced appellant's case. We agree that it was error not to administer an appropriate oath to civilian defense counsel. See UCMJ art. 42(a);[1] Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial [hereinafter R.C.M.] 807(b)(1);[2] and Army Regulation

---

1. UCMJ art. 42(a) provides that,
 [b]efore performing their respective duties, military judges, members of general and special courts-martial, trial counsel, assistant trial counsel, defense counsel, assistant or associate defense counsel, reporters, and interpreters shall take an oath to perform their duties faithfully.

2. R.C.M. 807(b)(1) provides that

[t]he military judge, members of a general or special court-martial, trial counsel, assistant trial counsel, defense counsel, associate defense counsel, assistant defense counsel ... shall take an oath to perform their duties faithfully. For purposes of this rule, "defense counsel," "associate defense counsel," and "assistant defense counsel," include detailed and individual military and civilian counsel.

27–10, Legal Services: Military Justice, paras. 11–2*a* and *b;* 11–4*b* (16 January 1989) [hereinafter AR 27–10][3]. We do not agree, however, that such error was prejudicial.

The record reflects that the military judge inquired of civilian defense counsel, Mr. N., whether he had been previously sworn and had practiced before an Army court-martial. Mr. N. affirmed that he had, and also stated that he was licensed by the Commonwealth of Massachusetts to practice law and was certified to practice before the United States Supreme Court, the United States Court of Appeals for the First Circuit, and the United States District Court for the District of Massachusetts. On that basis, the military judge found Mr. N. qualified to practice in the instant case and did not direct that Mr. N. be sworn.

During the course of the trial, Mr. N. represented appellant effectively and zealously. Mr. N. made several motions *in limine*, made numerous objections during presentation of the government's case, and conducted thorough and searching cross-examination of government witnesses. Further, several issues, including some of those presently before this court, were vigorously litigated at trial.

In *United States v. Francis*, 38 C.M.R. 628 (A.B.R.), *aff'd on other grounds*, 38 C.M.R. 393 (C.M.A.1968) the Army Board of Review (ABR) was presented with a case in which trial defense counsel was not sworn. *Id.* at 629. Although the ABR found this failure to constitute error, it found such error to be neither jurisdictional

nor prejudicial in light of the following factors:

1. Defense counsel was the regularly appointed defense counsel to the court;
2. Defense counsel was certified under Article 27(b), UCMJ;
3. Defense counsel had taken an oath upon admittance to the bar; and
4. Defense counsel's conduct of the accused's case was creditable.

*Id.* at 630. *See United States v. Dupree*, ACMR 8802317 (A.C.M.R. 19 June 1989) (unpub.); *United States v. Campbell*, 44 C.M.R. 508, 510 (A.C.M.R.1971), *pet. denied*, 21 U.S.C.M.A. 617 (10 Dec. 1971) (not reported in Court–Martial Reports). Here, appellant has failed to demonstrate any prejudice to his case resulting from the failure to swear his civilian defense counsel. Therefore, we find the failure to swear Mr. N. was error, but neither jurisdictional nor prejudicial.

## II

Appellant next argues that the military judge erred by taking judicial notice of the Fort Devens Supplement to AR 27–10, which delegated to the staff judge advocate the authority to excuse court members prior to trial.

■■■ One of the detailed court members did not appear at trial and was thereupon excused by the staff judge advocate pursuant to the authority delegated to him by the convening authority. Both parties and the military judge examined a copy of the local supplement to AR 27–10, which purported to delegate pre-assembly excusal authority to the staff judge advocate. Trial

---

3. AR 27–10, paras. 11–2*a* and *b*, provides that:
 a. All court-martial personnel, which include the following, will take an oath to perform their duties faithfully (UCMJ, Art. 42(a)):
 (1) The military judge.
 (2) Members of GCMs and SPCMs.
 (3) Trial counsel.
 (4) Assistant trial counsel.
 (5) Defense counsel.
 (6) Assistant defense counsel.
 (7) Reporters.
 (8) Interpreters.
 b. Additionally, an individual defense counsel, military or civilian, will take a similar oath (R.C.M. 807(b); 901(d)(5)).
 AR 27–10, para. 11–4*b* provides that

[o]nce executed on DA Form 3497–R, an oath need not be taken again when previously sworn counsel are individually requested or detailed to that duty. Counsel who are members of other armed services (who have taken oaths to perform their duties faithfully in any case to which they are individually requested or detailed as counsel) need not take an oath when they participate as counsel at courts-martial convened in the Army. All other counsel will be administered the appropriate counsel's oath (para 11–8*b* ) for any case referred to the court to which they have been detailed, or in any case in which they enter an appearance on the record.

counsel averred that the staff judge advocate had indeed been delegated such authority and that the absent member had been excused by the staff judge advocate pursuant to that delegation. The military judge stated that he himself was familiar with the regulation and therefore took judicial notice of it. Mr. N. objected on grounds that there was no indication that the regulation had been properly approved.[4] In the absence of any evidence to the contrary, the military judge presumed the regulation to be properly promulgated and overruled the objection.[5]

 On the basis of the record, we find that the staff judge advocate properly exercised the pre-assembly excusal power delegated to him by the convening authority, and that the military judge properly took judicial notice of the local supplement to AR 27-10. Even if the member was not properly excused, such error was nonjurisdictional and nonprejudicial. *United States v. Colon*, 6 M.J. 73 (C.M.A.1978) (absence of a duly appointed court member not a jurisdictional impediment to trial); *United States v. Alexander*, 27 M.J. 834, 836 (A.C.M.R.), *pet. denied*, 28 M.J. 354 (C.M.A.1989) (absence of only one member harmless error); *United States v. Malczewskyj*, 26 M.J. 995, 998 (A.F.C.M.R.1988) (appellant not prejudiced when unexcused member's presence was unlikely to effect outcome, there was sufficient evidence to convict, and a lenient sentence adjudged).

### III

Appellant further contends that the military judge erred by failing to grant his motions *in limine* and for *in camera* sessions concerning certain evidence which the military judge eventually found to be inadmissible. Accordingly, appellant asserts that the military judge should have granted appellant's motion for a mistrial.

During an Article 39(a), UCMJ, session prior to trial, civilian defense counsel moved *in limine* to dismiss Charge I and its Specification (larceny) on grounds that the government could not prove that the Army and Air Force Exchange Service (AAFES) owned the property that was allegedly stolen. The military judge denied the motion, finding that the government had some evidence of ownership, including certain invoices and a jacket from the post exchange of the same make as the jacket allegedly stolen. Civilian defense counsel later moved to have the government introduce the evidence during an out-of-court session if it sought admission of the items. The military judge deferred his ruling until such time as the items became at issue.

Civilian defense renewed his request for an *in camera* session as trial counsel called a witness whose testimony would involve the invoices. Confident that he could properly instruct the members to disregard the evidence in the event he determined it to be inadmissible, the military judge denied civilian defense counsel's motion. Subsequently, the military judge denied trial counsel's motions to admit any of the contested items into evidence other than the allegedly stolen jacket itself.

The military judge instructed the panel in pertinent part as follows:

During the course of the trial, numerous objections were posed by the counsel for both sides. You must disregard any comment or statement made by me during the course of the trial that would seem to indicate to you, an opinion on my part as to whether the accused is guilty or not guilty, since you and you alone have the responsibility to make that determination. As court members each of you must impartially resolve this issue in accordance with the law which I have given you, the evidence admitted into court, and your own conscience.

---

4. AR 27-10 at page 1 provides, *inter alia,* that supplementation of the regulation is prohibited without the prior approval of Headquarters, Department of the Army, specifically the Criminal Law Division, Office of the Judge Advocate General.

5. To rebut the presumption of regularity that attaches to the administrative acts of military officials, the record must contain affirmative evidence to the contrary. *United States v. Livingston,* 7 M.J. 638, 640 (A.C.M.R.1979). *See also United States v. Masusock,* 1 C.M.R. 32 (C.M.A.1951).

At the close of instructions, one member requested clarification from the military judge on several points, including whether the panel could examine the jacket which had not been admitted into evidence, and whether AAFES tagged jackets in its stores with any identifying document other than the tags not admitted into evidence. The military judge instructed the panel that those items and information about those items had not been admitted into evidence, and that the members therefore could not consider such matters in their deliberations (*id.*).

In response to civilian defense counsel's continuing concerns about the members' consideration of inadmissible evidence, the military judge recalled the panel, and issued the following curative instructions:

Members of the court, before we depart, let me make one matter apparently more clear. Captain P[.], this is based upon your question concerning the use of and [sic] item not properly admitted in court. Any other piece of evidence—document referred to and which has not been properly admitted into court may not be properly considered by you in any fashion, because it was not admitted into court—it's not evidence available for your consideration. You should totally disregard it and make no use of it whatsoever. The only evidence which you may consider—pieces of real evidence—are those two items; that being Prosecution Exhibit 4, the jacket, and Defense Exhibit A, which is the Exchange Operative Procedures.

The members then informed the military judge that they had no questions about what they could properly consider, and no further questions about the instructions which they had been given.

 Even though one member asked the military judge whether the panel could consider certain inadmissible evidence, the military judge's curative instructions were thorough and apparently resolved any similar questions the panel may have had. *See Lakeside v. Oregon*, 435 U.S. 333, 339, 98 S.Ct. 1091, 1094, 55 L.Ed.2d 319 (1978) (instructions curative, not reinforcing). Fur-

ther, the record provides no indication that the members did not follow the instructions. *See United States v. Nigro*, 28 M.J. 415 (C.M.A.1989). Under these circumstances, the military judge acted completely within his discretion in denying appellant's motion for a mistrial. *United States v. Evans*, 27 M.J. 34 (C.M.A.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 797, 102 L.Ed.2d 788 (1989); *cf. United States v. Pastor*, 8 M.J. 280, 284 (C.M.A.1980) (court members continued to ask questions about inadmissible evidence even after curative instructions, mistrial therefore an appropriate remedy).

The findings of guilty and the sentence are affirmed.

Judge JOHNSON and Judge NEURAUTER concur.

