**UNITED STATES, Appellee,**

v.

**Specialist John E. ROLAND, 303–84–0266, United States Army, Appellant.**

**ACMR 9001195.**

U.S. Army Court of Military Review.

27 Sept. 1990.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Michael W. Meier, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Denise J. Arn, JAGC, Captain Timothy J. Saviano, JAGC (on brief).

Before FOREMAN, HAESSIG and GRAY, Appellate Military Judges.

### OPINION OF THE COURT

FOREMAN, Senior Judge:

A military judge sitting as a general court-martial at Fort Knox, Kentucky, convicted the appellant, pursuant to his pleas, of drunk driving, drunk and disorderly conduct, and indecent acts with a child, in violation of Articles 111 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 911 and 934 (1982) [hereinafter UCMJ]. On 20 April 1990, the military judge sentenced the appellant to a bad-conduct discharge, confinement for six months, and reduction to Private E1. The convening authority approved the adjudged sentence.

On 23 March 1990, the President signed Executive Order No. 12708, 55 Fed.Reg. 11353 (1990), Amendments to the Manual for Courts–Martial, United States, 1984. This Executive Order amended, *inter alia,*

Rule for Courts–Martial 1106(f)(1) to read as follows:

(1) *Service of recommendation on defense counsel and accused.* Before forwarding the recommendation and the record of trial to the convening authority for action under R.C.M. 1107, the staff judge advocate or legal officer shall cause a copy of the recommendation to be served on counsel for the accused. *A separate copy will be served on the accused.* If it is impracticable to serve the recommendation on the accused for reasons including but not limited to the transfer of the accused to a distant place, the unauthorized absence of the accused, or military exigency, or if the accused so requests on the record at the court-martial or in writing, the accused's copy shall be forwarded to the accused's defense counsel. A statement shall be attached to the record explaining why the accused was not served personally. (Emphasis added.)

This is a change from the prior provision which required only that:

Before forwarding the recommendation and the record of trial to the convening authority for action under R.C.M. 1107, the staff judge advocate or legal officer shall cause a copy of the recommendation to be served on counsel for the accused.

The amendment applies to all cases in which the sentence is adjudged on or after 1 April 1990. This is the first case subject to this amended provision we have considered. In order to determine the legal effect and purpose of the additional service requirement in Rule for Courts–Martial 1106(f)(1), this court specified the following issues:

I

DID THE STAFF JUDGE ADVOCATE COMPLY WITH RULE FOR COURTS–MARTIAL 1106(f)(1), AS AMENDED BY EXECUTIVE ORDER 12708, 23 MARCH 1990, EFFECTIVE 1 APRIL 1990.

II

IF NOT, WAS THE ERROR PREJUDICIAL?

III

IF THERE WAS PREJUDICIAL ERROR, WHAT IS THE APPROPRIATE REMEDY?

The record of trial contains the following documents pertinent to the specified issues:

(1) the staff judge advocate's recommendation dated 10 May 1990 which states that it has been served on the defense counsel;

(2) a certificate of service dated 10 May 1990 reflecting service of the record of trial and the staff judge advocate's recommendation on the defense counsel;

(3) an endorsement on the certificate of service in which the defense counsel states that he has no rebuttal to the recommendation and stating that "the accused does not submit matters for consideration by the convening authority"; and

(4) a receipt for a copy of the record of trial, signed by the appellant at the Installation Detention Facility, Fort Knox, Kentucky, dated 9 May 1990.

The appellant argues that the amendment to Rule for Courts–Martial 1106 created a new substantive right, and that service of the post-trial recommendation must be affirmatively shown. The government argues that affirmative proof of service is not required and that compliance into Rule for Courts–Martial 1106 should be presumed in the absence of evidence to the contrary.

Our review of the legislative history leads us to hold that the amendment to Rule for Courts–Martial 1106(f)(1) was not intended to create a new substantive right for an accused, but rather to add a procedural protection for an existing right. An accused's right to present matters to the convening authority is established in UCMJ, Article 60(b), 10 U.S.C. § 860(b), and implemented by Rule for Courts–Martial 1105(b). To enable an accused to exercise that right meaningfully, UCMJ, Article 54(d), 10 U.S.C. § 854(d) mandates service

of the record of trial on the accused, and UCMJ Article 60(d) mandates service of the post-trial recommendation. Rule for Courts–Martial 1104(b)(1) implements UCMJ, Article 54(d); Rule for Courts–Martial 1106(f)(1) implements UCMJ, Article 60(d).

The concept of compliance with UCMJ, Article 54(d) by serving the defense counsel rather than the accused followed logically from earlier statements by the Court of Military Appeals that "the Government may satisfy the spirit of Article 54(c) [later amended to become Article 54(d) [1]], while also assuring effective representation of the accused, by serving the transcript on his counsel together with a copy of the staff judge advocate's review...." *United States v. Cruz–Rios*, 1 M.J. 429, 432 (C.M.A.1976).

Rule for Courts–Martial 1104(b)(1) expressly requires service of the record of trial on the accused. Substitute service is authorized only when "it is impractical to serve the record of trial on the accused because of the transfer of the accused to a distant place, the unauthorized absence of the accused, or military exigency, or if the accused so requests on the record at the court-martial or in writing." Rule for Courts–Martial 1104(b)(1)(B) requires that documentary evidence of service be attached to the record. Rule for Courts–Martial 1104(b)(1)(C) requires that when substitute service on the defense counsel occurs, the trial counsel attach a statement to the record explaining why the accused was not personally served.

UCMJ, Article 60(d) was enacted as part of the Military Justice Act of 1983, and codifies *United States v. Goode*, 1 M.J. 3 (C.M.A.1975) and *United States v. Hill*, 3 M.J. 295 (C.M.A.1977). Both *Goode* and *Hill* require service of the post-trial recommendation on the accused and sanction substitute service on the trial defense counsel. The House Report on the 1983 Act discusses UCMJ, Article 60(d), makes reference to service of the record of trial on an accused as mandated by UCMJ, Article 54(d), and observes:

[T]he amended bill ensures that the accused will have the opportunity to use the record of trial in preparing a submission to the convening authority. In that regard, it is intended that the provision of the record of trial to the accused may be accomplished by service on his counsel.

H.R.Rep. No. 549, 98 Cong., 1st Sess. 15, *reprinted in* 1983 U.S.Code Cong. & Admin.News 2177, 2180. *See generally United States v. Euring*, 27 M.J. 843 (A.C.M.R. 1989); *United States v. Derksen*, 24 M.J. 818 (A.C.M.R.1987).

Prior to 1 April 1990, Rule for Courts–Martial 1106(f)(1) sanctioned service on the defense counsel, notwithstanding the plain language of UCMJ, Article 60(d) mandating service on the accused. The amendment to Rule for Courts–Martial 1106(f)(1) brings the language into conformity with UCMJ, Article 60(d). As amended, it now mandates service on both the defense counsel and the accused and contains the same language as contained in Rule for Courts–Martial 1104(b)(1)(C) regarding substitute service of the record of trial. However, unlike Rule for Courts–Martial 1104, Rule for Courts–Martial 1106 does not require affirmative evidence of service on the accused. Documentation is only required for substitute service on the defense counsel.

■ In view of the similar language of UCMJ, Articles 54(d) and 60(d) and Rules for Courts–Martial 1104(b)(1) and 1106(f)(1), we hold that service of the post-trial recommendation on the defense counsel satisfies the spirit and purpose, but not the letter, of UCMJ, Article 60(d) and is consistent with the intent of Congress and the drafters of Rule for Courts–Martial 1106(f)(1) as amended. *Cf. United States v. Cruz–Rios*, 1 M.J. at 432.

■ Turning to the case before us, we hold that the absence of a receipt from the appellant for a copy of the staff judge advocate's recommendation does not evidence a failure to comply with Rule for Courts–Martial 1106(f)(1), because such affirmative proof of service is not required.

**1.** UCMJ art. 54(d), 10 U.S.C. § 854 (1982 & Supp. V 1987).

*Cf. United States v. Kuczaj,* 29 M.J. 604 (A.C.M.R.1989) (affirmative showing that pretrial confinement was reviewed by magistrate not required in absence of challenge). We will presume, in the absence of evidence to the contrary, that the staff judge advocate properly discharged his duties. *See United States v. Ponder,* 29 M.J. 782 (A.C.M.R.1989) (presumption that staff judge advocate had authority to excuse court members). *Cf. United States v. Yates,* 28 M.J. 60 (C.M.A.1989) (presumption that acting commander assumed command in accordance with regulations); *United States v. Moschella,* 43 C.M.R. 383 (C.M.A.1971) (presumption that amended convening order was properly promulgated). We have been presented with no evidence which rebuts the presumption that the staff judge advocate complied with the service requirements of Rule for Courts–Martial 1106(f)(1), as amended.

▮ We also apply the presumption of regularity to defense counsel, confident that they will discharge their legal and ethical duties and that they will insure that any submission to the convening authority, or any decision not to submit matters, is the product of meaningful dialogue between lawyer and client and representative of the client's wishes. *See Kimmelman v. Morrison,* 477 U.S. 365, 381, 106 S.Ct. 2574, 2586, 91 L.Ed.2d 305 (1986) ("strong presumption" that counsel have performed effectively), citing *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We believe that the requirement for serving an additional copy of the staff judge advocate's recommendation on the accused is intended to ensure that meaningful lawyer-client discussions occur and to minimize appellate claims of ineffective post-trial representation. We have no evidence before us to rebut the presumption that the trial defense counsel was acting diligently and ethically when he informed the staff judge advocate that the appellant had no matters to submit to the convening authority.

We have considered the errors personally asserted by the appellant and find them to be without merit.

Having found no error, we need not address the remaining two specified issues. On consideration of the entire record, we hold that the findings of guilty and the sentence are correct in law and fact. Accordingly, the findings of guilty and the sentence are affirmed.

Judge HAESSIG and Judge GRAY concur.

