**UNITED STATES, Appellee,**

v.

**Specialist Jenaro DIAZ–CARRERO, Jr., 137–64–3100, United States Army, Appellant.**

**ACMR 9001252.**

U.S. Army Court of Military Review.

28 Nov. 1990.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Brian D. Bailey, JAGC, Captain Edward T. Keable, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Denise J. Arn, JAGC, Captain Timothy J. Saviano, JAGC (on brief).

Before FOREMAN, HAESSIG and GRAY, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Senior Judge:

On 30 April 1990, a military judge sitting as a general court-martial convicted the appellant, in accordance with his pleas, of larceny and forgery, in violation of Articles 121 and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 923 (1982) [hereinafter UCMJ]. The offenses occurred when the appellant entered the barracks room of a sleeping soldier, stole a credit card, and then used the stolen credit card on three occasions to make purchases totalling $102.98. The approved sentence provides for a bad-conduct discharge, confinement for six months, forfeiture of all pay and allowances, and reduction to Private E1.

The Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1106(f)(1) was amended effective 1 April 1990 to require a copy of the staff judge advocate's post-trial recommendation to be served on the accused as well as the defense counsel. Previously, only service on the defense counsel was required. *See United States v. Roland,* 31 M.J. 747 (A.C.M.R.1990). In order to determine the effect of the additional service requirement on this case, this court specified the following issues:

## I

DID THE STAFF JUDGE ADVOCATE COMPLY WITH RULE FOR COURTS–MARTIAL 1106(f)(1), AS AMENDED BY EXECUTIVE ORDER 12708, 23 MARCH 1990, EFFECTIVE 1 APRIL 1990.

## II

IF NOT, WAS THE ERROR PREJUDICIAL?

## III

IF THERE WAS PREJUDICIAL ERROR, WHAT IS THE APPROPRIATE REMEDY?

After the appellant alleged in his brief that he did not receive a copy of the post-trial recommendation, this court ordered that the appellant be given an opportunity to reduce his allegation to affidavit form and to state what additional matters he would have submitted to the convening authority if he had received a personal copy of the post-trial recommendation prior to the convening authority's action.

The record of trial contains six documents pertinent to the specified issues:

(1) the recommendation of the staff judge advocate, dated 11 May 1990, which recites that it "has been served on the defense in accordance with R.C.M. 1106(f), MCM, 1984";

(2) a certificate of service on "the accused's defense counsel, Captain (C), or a Trial Defense Service representative";

(3) a receipt for a copy of the record of trial and recommendation of the staff judge advocate signed by the assistant trial defense counsel, Captain C, who signed "on behalf of Captain W," the trial defense counsel, dated 11 May 1990;

(4) a document entitled "R.C.M. 1105 and 1106 Response to SJA Advice," dated 21 May 1990, reciting that "the accused, through undersigned counsel, submits this Clemency Petition," signed by Captain C;

(5) a handwritten letter submitted by the appellant through his trial defense counsel requesting leniency regarding the bad-conduct discharge and reciting his accomplishments in the Army; and

(6) a receipt for the record of trial, signed by the appellant on 11 May 1990 at the Installation Detention Facility, Fort Campbell, Kentucky, where he was tried.

The convening authority wrote "noted" and initialed the clemency petition and the appellant's handwritten letter, and approved the adjudged sentence on 22 May 1990.

In response to the court order, the appellant has submitted an affidavit stating that he did not receive a copy of the staff judge advocate's post-trial recommendation. He further states that if he had received it he would have noted that his "GT" score was misstated as 101 instead of 105, that his home of record is New Jersey instead of Puerto Rico, that he was battalion soldier of the month in February 1989, that he received a good conduct medal on 12 October 1989, that he qualified as an expert with the M16A1 rifle, hand grenade and "Dragon" antitank weapon in March 1990, and that he was awarded the Army Commendation Medal for his marksmanship on 27 April 1990.

▮ We hold that the absence of a receipt for the post-trial recommendation does not establish a failure to comply with Rule for Courts–Martial 1106(f)(1), because affirmative proof of service is not required. *United States v. Roland*, 31 M.J. at 748. However, based upon the appellant's affidavit, we find that the presumption of regularity with respect to personal service of the post-trial recommendation has been rebutted. Since no justification for substitute service is documented in the record, we find that the staff judge advocate did not comply with Rule for Courts–Martial 1106(f)(1) as amended.

▮ Having found error, we must test for prejudice and determine whether the appellant's right to submit post-trial matters to the convening authority has been infringed. In so doing, we apply the presumption of regularity to defense counsel, confident that they will discharge their legal and ethical duties and that they will ensure that any submission to the conven-

ing authority, or any decision not to submit matters, is the product of meaningful dialogue between lawyer and client and representative of the client's wishes.

Comparing the appellant's affidavit to his submission to the convening authority, the staff judge advocate's post-trial recommendation, the appellant's personnel records admitted in evidence at trial and the trial transcript, we find the following:

(1) the appellant's assertion that his "GT" score is 105 instead of 101 is correct;

(2) the appellant's assertion that his home of record is New Jersey instead of Puerto Rico and that he qualified as an expert on the M16A1 rifle is contradicted by his personnel records, which list Puerto Rico as his home of record and reflect qualification as a sharpshooter on the M16A1 rifle;

(3) the appellant's statement that he was soldier of the month and qualified as an expert on the hand grenade and the Dragon antitank weapon was mentioned in the post-trial recommendation and considered by the convening authority;

(4) the appellant's statement that he received the good conduct medal was not mentioned in his Rule for Courts–Martial 1105 submission or the post-trial recommendation;

(5) the appellant's assertion that he received an Army Commendation Medal on 27 April 1990, three days before the trial, is not supported by his personnel records, was not mentioned by the appellant in his unsworn statement at trial, and would have been contrary to Army Regulations.[1]

At trial the appellant was portrayed as a technically proficient soldier with no prior disciplinary record. The staff judge advocate's post-trial recommendation and the appellant's post-trial submission to the convening authority present the same picture. Although the appellant's affidavit differs slightly from what the convening authority considered, it adds nothing substantial. The convening authority acted on the basis

that the appellant was a proficient soldier who also was a barracks thief. We are convinced that the convening authority would not have acted differently even if the appellant had been provided a personal copy of the post-trial recommendation. Accordingly, we find that the error was harmless. *Cf. United States v. Flynn*, 28 M.J. 218, 219 (C.M.A.1989) (staff judge advocate's failure to comment on allegation of legal error in his post-trial recommendation was harmless error). Having found harmless error, we hold that no relief is warranted.

The findings of guilty and the sentence are affirmed.

Judge HAESSIG and Judge GRAY concur.

---

**1.** Army Regulation 600–8–2, Suspension of Favorable Personnel Actions (Flags), paragraph 1–12a, (30 October 1987), requires that a soldier's personnel records be "flagged" when he or she is under charges, restraint, or investigation. Paragraph 1–14e prohibits the execution of awards and decorations while the soldier's personnel records are "flagged."