**UNITED STATES**

v.

**Staff Sergeant David H. SETTLE, Jr., FR533–78–1203, United States Air Force.**

**ACM S28501.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 3 April 1991.

Decided 29 Aug. 1991.

Appellate Counsel for appellant: Lieutenant Colonel Jeffrey R. Owens and Captain Ursula P. Moul.

Appellate Counsel for U.S.: Lieutenant Colonel Brenda J. Hollis, Major Kingston E. Smith, and Captain James C. Sinwell.

Before LEONARD, RIVES and JAMES, Appellate Military Judges.

PER CURIAM:

The appellant[1] submits two related errors: the first alleges that the record fails to show the accused was served with copies of the staff judge advocate's recommendation and its addendum, and the second urges that the convening authority failed to consider defense submissions before taking action. We find merit in neither.

Sentence in this case was adjudged after the effective date of a change to R.C.M. 1106(f)(1). The rule now requires a copy of the staff judge advocate's (SJA's) post-trial recommendation to be served on the accused as well as the defense counsel. *See* Article 60(d), UCMJ, 10 U.S.C. § 860(d).

While this record does not affirmatively show service of the SJA's recommendation on the appellant, proof of service on an accused is not required. *United States v. Roland,* 31 M.J. 747, 749 (A.C.M.R.1990); *see generally United States v. Wilson,* 33 M.J. 512, 514–15 n. 8 (A.F.C.M.R.1991). The important matter is to actually serve the recommendation on the accused. This appellant has not alleged that he was not served; thus, he has not produced any evidence that would put the issue into controversy.[2] The appellant could have properly raised the issue by, for example, providing a statement that he had *not* been served with a copy of the recom-

---

**1.** The appellant was tried by special court-martial for larceny of money worth more than $100 and for conspiracy to commit larceny. Despite his pleas of not guilty, he was convicted of both charges by a court composed of officer members. The convening authority approved the adjudged sentence of a bad conduct discharge, confinement for 4 months, forfeiture of $250 pay per month for 4 months, and reduction to the grade of E-1.

**2.** Appellate government counsel have also provided us with a copy of the accused's receipt for the SJA's recommendation, which makes it clear in any event that this appellant was properly served with a copy of the SJA's recommendation.

mendation. In the future, when the factual basis that could support an issue is a matter within an appellant's knowledge, we will expect appellate counsel to investigate the matter before assigning the error. *See United States v. Hilow*, 32 M.J. 439, 445 n. 2 (C.M.A.1991) (Cox, J., dissenting).

■ The appellant offers no support for his proposition that the staff judge advocate erred by not serving him with the addendum to the recommendation. There is no requirement to serve this addendum on the appellant, since it contains no "new matter." R.C.M. 1106(f)(7); *see United States v. Anderson*, 25 M.J. 342 (C.M.A.1987); *United States v. Narine*, 14 M.J. 55 (C.M.A.1982).

Appellate government counsel have submitted an affidavit from the convening authority's staff judge advocate which satisfactorily explains that all defense submissions were provided to the convening authority for his consideration prior to taking action. *See* R.C.M. 1107(b).

Having examined the record of trial, the assignment of errors, and the government's reply, we have concluded that the findings and sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and sentence are

AFFIRMED.