**UNITED STATES, Appellee,**

v.

**Private E1 Kevin S. JACKSON, Jr., 003–62–5335, United States Army, Appellant.**

**ACMR 9200921.**

U.S. Army Court of Military Review.

16 Feb. 1993.

and all other questions posed by the military judge.

3. In addition to the two videotapes, the stipulation of fact also incorporated a sworn statement made by appellant to criminal investigators.

For Appellant: Lieutenant Colonel James H. Weise, JAGC, Captain Beth G. Pacella, JAGC (on brief).

For Appellee: Lieutenant Colonel Joseph A. Russelburg, JAGC.

Before CREAN, GONZALES, and DELL'ORTO, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

Pursuant to his pleas, the appellant was found guilty on 10 April 1992, of wrongful distribution of marijuana in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (Supp. V 1987) [hereinafter UCMJ]. The military judge sentenced the appellant to a dishonorable discharge and confinement for five years. In compliance with the terms of a pretrial agreement, the convening authority approved the dishonorable discharge and confinement for eighteen months on 18 August 1992.

This case was received by this Court on 11 September 1992 for appellate review under Article 66, UCMJ. Meanwhile, on 16 September 1992, in a second Addendum to the Staff Judge Advocate's Recommendation, the staff judge advocate recommended to the convening authority that the period of the approved confinement be further reduced because of the "good faith and rehabilitative potential shown by Private Jackson's voluntary post-trial testimony in a later court-martial." Under the guise of issuing a "corrected copy" for an error in the original action, the convening authority reduced the appellant's approved confinement from 18 months to 12 months. The "corrected copy" action was signed by the convening authority on 16 September 1992, but the date placed on the document was 18 August 1992, the same date as the original action.

Under Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1107(f)(2) [hereinafter R.C.M.], "[t]he convening authority may recall and modify any action taken by that convening authority at any time before it has been published or before the accused has been officially notified." This subsection is based on paragraph 89b of the Manual for Courts–Martial, United States, 1969 (Rev. ed.). In interpreting the former language, this Court held that subsequent, modifying actions of a convening authority are a nullity when those actions come after the case has been forwarded for further appellate review. *United States v. Hicklin,* 8 M.J. 568 (A.C.M.R.1979); *United States v. Stewart,* 48 C.M.R. 877 (A.C.M.R.1974); *United States v. Sloan,* 48 C.M.R. 276 (A.C.M.R. 1974).

Pursuant to R.C.M. 1107(f)(2), we hold that the convening authority had no authority to modify his previous action by issuing a "corrected copy" action after he forwarded this case for appellate review to this Court. We, nevertheless, recognize and understand the convening authority's intent with respect to the sentence in this case. In the interest of judicial economy and fairness to the appellant, and pursuant to our authority under Article 66, UCMJ, we will do in our decretal paragraph what the convening authority belatedly could not do legally.

We have also considered the assignments of error, including the severity of the sentence personally raised by the appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and hold that no further relief is warranted.

The findings of guilty and only so much of the sentence as provides for a dishonor-

able discharge and confinement for 12 months are affirmed.