**UNITED STATES, Appellee,**

v.

**Private E1 Robert J. MANERS, 570–27–7153, United States Army, Appellant.**

**ACMR 9201581.**

U.S. Army Court of Military Review.

22 July 1993.

For Appellant: Major Robin L. Hall, JAGC, Captain Robert H. Pope, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC, Major Donna L. Barlett, JAGC, Captain Richard O.I. Brown, JAGC (on brief).

Before CREAN, WERNER, and GONZALES, Appellate Military Judges.

OPINION OF THE COURT

GONZALES, Judge:

Contrary to his pleas, the appellant was found guilty, by a general court-martial

composed of officer and enlisted members, of wrongful distribution of hashish in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 912a (1988) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for one year, and forfeiture of all pay and allowances.

Before this court, the appellant asserts that the convening authority erred when he considered the appellant's belated post-trial submissions under Rules for Courts–Martial 1105 and 1106 [hereinafter R.C.M.] and reapproved the action he had taken five days earlier. We disagree and affirm.

The staff judge advocate's recommendation to the convening authority under R.C.M. 1106 was dated 7 September 1992. In paragraph six of his recommendation, the staff judge advocate indicated that a copy of the recommendation was served upon the accused and his defense counsel. Thirty-eight days later on 15 October 1992, the convening authority took action in this case, after being advised in an addendum to the staff judge advocate's recommendation that the appellant had not submitted any matters under R.C.M. 1105. The trial defense counsel submitted a petition for clemency with four supporting documents to the convening authority on 19 October 1992. The convening authority considered the late R.C.M. 1105 and 1106 submissions on 20 October 1992, and reapproved his original action of 15 October 1992. The staff judge advocate signed DD Form 494, Court–Martial Data Sheet, on 22 October 1992, and subsequently forwarded the record of trial for appellate review. The record was received by our Clerk of Court on 5 November 1992.

■ There is no certificate of service in the allied papers to indicate if and when a copy of the recommendation was served on the appellant and the defense counsel. Affirmative proof of service of the post-trial recommendation is not required by R.C.M. 1106(f)(1). *United States v. Cook*, 31 M.J.

745, 746 (C.M.A.1990). However, there is evidence, albeit not the best evidence, that the post-trial service requirements under R.C.M. 1106(f)(1) were satisfied. In addition to the staff judge advocate's statement in paragraph six of his recommendation, as noted above, he indicated in the block 45a of DD Form 494 that the defense counsel was served with a copy of the staff judge advocate's recommendation in compliance with R.C.M. 1106(f). We have been presented with no evidence through affidavits or otherwise, beyond appellate defense counsel's speculation, to rebut the presumption that the staff judge advocate complied with the service requirements of R.C.M. 1106(f)(1). *United States v. Roland*, 31 M.J. 747, 750 (A.C.M.R.1990), *pet. denied*, 32 M.J. 311 (C.M.A.1991); *United States v. Diaz–Carrero*, 31 M.J. 920, 921 (A.C.M.R.1990), *pet. denied*, 32 M.J. 484 (C.M.A.1991). Accordingly, we find that the trial defense counsel was served with the staff judge advocate's recommendation on 7 September 1992.

■ The trial defense counsel had ten days after receipt of the staff judge advocate's recommendation to submit R.C.M. 1105(c)(1) and 1106(f)(4) matters to the convening authority. *United States v. Angelo*, 25 M.J. 834, 836 (A.C.M.R.1988); R.C.M. 1105(c)(1) and R.C.M. 1106(f)(5). The convening authority may, for good cause, extend the period in which comments may be submitted for up to 20 additional days.[1] *Id.*; R.C.M. 1105(c)(1) and 1106(f)(5). Failure to submit such matters within the time period or any extension permitted by the rules is waiver of the right to submit such matters. *United States v. Hawkins*, 34 M.J. 991, 994 (A.C.M.R.1992); R.C.M. 1105(d)(1) and 1106(f)(6). The convening authority is not legally required to consider the appellant's belated submission of clemency matters. *United States v. Euring*, 27 M.J. 843, 844 (A.C.M.R.1989); *see* R.C.M. 1105(d)(1), 1106(f)(5) and (6), and 1107(b)(2). However, he could consider these matters with a view towards recalling and modify-

---

1. There is no indication in the record that the trial defense counsel requested or the convening authority approved an extension of the ten-day period in which to submit R.C.M. 1105/1106 comments.

ing his earlier action, if the action had not been published, or if the accused had not been officially notified, or if the record of trial had not been forwarded for appellate review. *United States v. Jackson,* 36 M.J. 844 (A.C.M.R.1993); R.C.M. 1107(f)(2).

We find, at a minimum, that the record of trial had not been forwarded for appellate review when the late R.C.M. 1105/1106 matters were submitted to the convening authority on 20 October 1992. The comments did not persuade him to recall and modify his action. Accordingly, we hold that the convening authority did not err when he considered the appellant's belated R.C.M. 1105/1106 matters and reapproved his action.

The appellant's assertion that his court-martial lacked jurisdiction because the military judge was not designated in accordance with the Appointments Clause of the United States Constitution was resolved against him by the United States Court of Military Appeals in *United States v. Weiss,* 36 M.J. 224 (C.M.A.1992), *cert. granted,* —— U.S. ——, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993).

We have also considered the appellant's claim of the defense of entrapment, pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and find it to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge CREAN and Judge WERNER concur.