**UNITED STATES, Appellee,**

v.

**Specialist Christopher M. SCOTT, 245–45–8127, United States Army, Appellant.**

**ACMR 9300148.**

U.S. Army Court of Military Review.

Feb. 28, 1994.

For Appellant: Colonel Stephen D. Smith, JAGC, Major Robin L. Hall, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC, Captain Gregory T. Baldwin, JAGC, Captain Robert W. Clark, JAGC (on brief).

Before CREAN, Senior Judge and MORGAN, and GONZALES, Appellate Military Judges.

### OPINION OF THE COURT

CREAN, Senior Judge:

In accordance with his pleas, the appellant was found guilty by a military judge sitting as a general court-martial, of two specifications of distribution of marijuana and communication of a threat, in violation of Articles 112a and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 912a and 934 (1988). The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for three years, forfeiture of all pay and allowances, and reduction to Private E1. Pursuant to a pretrial agreement, the convening authority suspended that portion of the sentence to confinement in excess of thirty months for thirty months.

The appellant contends, inter alia, that he is entitled to a new action by the convening authority because the action of the convening authority was taken prematurely. We disagree and affirm.

The statement of post-trial and appellate rights signed by the appellant reads: "If I have matters that I wish the convening authority consider, or matters in response to the staff judge advocate's recommendation, such matters must be submitted within 10 ten days after I or my counsel receive a copy of the record of trial or I and/or my counsel receive the recommendation of the staff judge advocate, whichever occurs later." On the same form, the appellant requests that the record of trial be served on himself and

the trial defense counsel. The record of trial and the recommendation of the staff judge advocate, Rule for Courts–Martial 1106 [hereinafter R.C.M.] were served on the trial defense counsel on 1 March 1993. A copy of both were mailed by certified mail to the appellant at the Fort Lewis, Washington, confinement facility on 2 March 1993. There is no indication in the record of trial that the appellant received the copies mailed to him. *See United States v. Maners*, 37 M.J. 966 (A.C.M.R.1993).

The trial defense counsel on 2 March 1993 requested twenty additional days to submit matters for the convening authority pursuant to R.C.M. 1105(c)(1) and 1106(f)(5). This request was approved in a document signed by the Chief, Criminal Law for the convening authority. The trial defense counsel submitted on 17 March 1993 matters for the convening authority. This matter consisted of seven pages and four enclosures, including a request consisted of seven pages and four enclosures, including a request for clemency from the appellant, alleging both legal error at the trial and requesting clemency. The submission did not request a right to submit additional matters. The staff judge advocate prepared an addendum for the convening authority on 19 March 1993. The convening authority took action on 21 March 1993 and a promulgating order was published the same day. On 23 March 1993, the trial defense counsel submitted an additional matter, at the request of the appellant, requesting a different form of clemency. The first submission was a general request for clemency and the 23 March 1993 submission was a specific request for suspension of all or part of the forfeiture for the appellant to help support his fiancee who had one child of the appellant's and was about to give birth to a second of his children. Since the convening authority already acted on the case, the 23 March 1993 was forwarded to this court without consideration by the convening authority.

The procedures for consideration of post-trial matters is clearly set forth in the Rules for Courts–Martial. Rule for Courts–Martial 1105 concerns the service of the record of trial and the staff judge advocate's recommendation on the accused and the accused's rights to reply. Rule for Courts–Martial 1106 pertain to the service of the staff judge advocate recommendation on the defense counsel. The staff judge advocate prepares a recommendation for the convening authority. R.C.M. 1106. The recommendation is served on the counsel for the accused, R.C.M. 1106(f)1, who has ten days to submit comments on the recommendation, R.C.M. 1106(f)5. Upon request, the convening authority can extend the time for submission of comments for up to twenty additional days. R.C.M. 1106(f)5. The same basic rules apply for the accused in submitting matters for consideration by the convening authority. R.C.M. 1105(c)(1). Once the accused submits such matters, the right to submit additional matters is waived unless the accused reserves the right in writing to submit additional matters within the time limit. R.C.M. 1105(d)(2).

The appellant properly permitted substitute service of his copy of the record of trial and recommendation of the staff judge advocate Counsel on his defense counsel. *United States v. Diamond*, 18 M.J. 305, 308 (C.M.A. 1984); *United States v. Cruz–Rijos*, 1 M.J. 429 (C.M.A.1976). The trial defense counsel for himself and the appellant timely requested a delay for submission of material under both R.C.M. 1105 and 1106. That delay was granted. The trial defense counsel and the appellant submitted matters within the period requested without reserving the right to submit additional matters. Accordingly, we hold that the submission of additional matters was waived by the appellant and the trial defense counsel and the convening authority was proper in taking action on 21 March 1993. *United States v. Hawkins*, 34 M.J. 991, 994 (A.C.M.R.1992).

We have considered the other issues raised by the appellant both personally pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and through counsel and find them without merit.

The findings of guilty and the sentence are affirmed.

Judge MORGAN and Judge GONZALES concur.