**UNITED STATES, Appellee,**

v.

**Private E1 Bryan E. COOK,
086–68–3991, United States
Army, Appellant.**

**ACMR 9001063.**

U.S. Army Court of Military Review.

27 Sept. 1990.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Tamela J. Armbruster, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Denise J. Arn, JAGC, Captain Timothy J. Saviano, JAGC (on brief).

Before FOREMAN, HAESSIG and GRAY Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Senior Judge:

A military judge sitting as a general court-martial at Bamberg, Germany, convicted the appellant, pursuant to his pleas, of robbery, indecent exposure, and breaking restriction, in violation of Articles 122 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 922 and 934 (1982). On 6 April 1990, the military judge sentenced the appellant to a bad-conduct discharge, confinement for three years and eight months, and forfeiture of all pay and allowances. In accordance with a pretrial agreement, the convening authority reduced the period of confinement to twenty-four months. The convening authority's action incorrectly approved a reduction to Private E1, which was not adjudged. We will correct this error in our decretal paragraph.

On 23 March 1990, the President signed Executive Order No. 12708, 55 Fed.Reg. 11353 (1990), Amendments to the Manual for Courts–Martial, United States, 1984, which amended, *inter alia*, Rule for Courts–Martial 1106(f)(1) to require a copy of the post-trial recommendation to be served on the accused and the defense counsel. Previously, only service on the defense counsel was required. The amendment applies to all cases in which the sentence is adjudged on or after 1 April 1990.

In order to determine the legal effect and purpose of the additional service requirement in Rule for Courts–Martial 1106(f)(1), this court specified the following issues:

## I

DID THE STAFF JUDGE ADVOCATE COMPLY WITH RULE FOR COURTS–MARTIAL 1106(f)(1), AS AMENDED BY EXECUTIVE ORDER 12708, 23 MARCH 1990, EFFECTIVE 1 APRIL 1990.

## II

IF NOT, WAS THE ERROR PREJUDICIAL?

## III

IF THERE WAS PREJUDICIAL ERROR, WHAT IS THE APPROPRIATE REMEDY?

The record of trial contains the following documents pertinent to the specified issues:

(1) the staff judge advocate's recommendation dated 11 May 1990, which states that, "Post-trial matters submitted by the accused or defense counsel prior to your action, if any, are attached hereto as an enclosure for your consideration pursuant to R.C.M. 1107(b)(3)(A)(iii)";

(2) an addendum to the recommendation, dated 6 June 1990, stating that, "This addendum is written to address the accused's request for clemency submitted by counsel for the accused";

(3) a certificate of service of the record of trial and the post-trial recommendation which states: "Pursuant to Rule for Courts–Martial 1104(b)(1)(A), Manual for Courts–Martial, United States, 1984, as the accused has been transferred from Europe to serve post-trial confinement, this authenticated record of trial is served upon the Defense Counsel pursuant to R.C.M. 1104(b)(1)(C) permitting substitute service."

(4) a receipt for the post-trial recommendation and record of trial signed by Captain (CPT) Leonard, whose relationship with the appellant is not further described, acknowledging that copies of the record of trial and post-trial recommendation were "received by defense on 14 May 1990";

(5) a request for defense delay in submitting post-trial matters, signed by CPT Luster, the trial defense counsel;

(6) a request for clemency dated 3 June 1990 signed by CPT Luster and requesting that the bad-conduct discharge be set aside; and

(7) a receipt for the record of trial signed by the appellant at Fort Riley, Kansas, on 26 June 1990.

The convening authority took action on 6 June 1990, reducing the period of confinement to the limits in the pretrial agreement but approved the remainder of the adjudged sentence.

 Unlike Rule for Courts–Martial 1104(b)(1), pertaining to service of the record of trial, affirmative proof of service of the post-trial recommendation is not required by Rule for Courts–Martial 1106(f)(1). *United States v. Roland,* ACMR 9001195 (A.C.M.R. 27 September 1990). In the absence of evidence to the contrary, we will presume that both the staff judge advocate and the trial defense counsel properly discharged their post-trial duties. *Id.* The fact that the appellant was tried at Bamberg, Germany, and later confined at Fort Riley, Kansas, does not rebut the presumption of regularity, because there is no evidence that the appellant was not served either before his departure from Germany or by mail or electronic means after his departure.

Having reviewed the record before us, we find no evidence that the staff judge advocate did not comply with Rule for Courts–Martial 1106(f)(1), as amended. We have been presented with no evidence that the trial defense counsel did not discharge his post-trial duties and no evidence that the appellant's right to present matters to the convening authority was infringed. Accordingly, we find no error.

We have considered the errors personally asserted by appellant and find them to be without merit.

On consideration of the entire record, we hold that the findings of guilty are correct in law and fact. Accordingly, the findings of guilty are affirmed. To correct the error in the convening authority's action, the court affirms only so much of the sentence as provides for a bad-conduct discharge,

confinement for twenty-four months, and forfeiture of all pay and allowances.

Judge HAESSIG and Judge GRAY concur.