**UNITED STATES, Appellee,**

v.

**Private Anthony W. DICKERSON, 422–90–1355, United States Army, Appellant.**

**ACMR 9001495.**

U.S. Army Court of Military Review.

23 April 1991.

For Appellant: Captain Brian D. Bailey, JAGC, Captain Lauren B. Leeker, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Timothy W. Lucas, JAGC, Captain Randy V. Cargill, JAGC (on brief).

Before GRAY, FOREMAN and HAESSIG, Appellate Military Judges.

MEMORANDUM OPINION

FOREMAN, Senior Judge:

A general court-martial convicted the appellant, in accordance with his pleas, of absence without leave and forgery, in violation of Articles 86 and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and

---

**4.** *United States v. Sales,* 22 M.J. 305 (C.M.A. 1986).

923 (1982). The court-martial sentenced him to a dishonorable discharge, confinement for 36 months, forfeiture of all pay and allowances, and a fine of $1120.00. The convening authority's action states that, "The sentence is approved and, except for the part of the sentence extending to confinement in excess of twelve months, any portion of the fine in excess of $642.53 and the dishonorable discharge, will be executed."

The appellant pleaded guilty, pursuant to a pretrial agreement, in which the convening authority agreed to disapprove any confinement in excess of twelve months and any fine in excess of the difference between the appellant's indebtedness to the United States, in the amount of $2499.91, and whatever amount the appellant paid toward that debt at the time of the convening authority's action. During the plea inquiry the parties agreed that the pretrial agreement limited the amount of any fine to the amount of appellant's indebtedness to the United States at the time of the convening authority's action.

The appellant contends, and the government concedes, that the staff judge advocate's addendum to his post-trial recommendation contains new matter, but was not served on the appellant as required by the Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1106(f)(7). In his post-trial recommendation, the staff judge advocate recommended that the convening authority disapprove the confinement in excess of twelve months and approve the fine adjudged by the court-martial, noting that the fine was less than the appellant's indebtedness to the United States. The trial defense counsel disagreed, claiming that the appellant's indebtedness to the United States was only $433.97, the amount owed to the United States for forged checks. The trial defense counsel also urged clemency based on the appellant's "useful" assistance to military and civilian drug enforcement agencies. In his addendum to the post-trial recommendation, the staff judge advocate disputed whether appellant's assistance to law enforcement agencies was "useful," stating that "he provided no information the drug

task force did not already have." The staff judge advocate also disputed appellant's claim that his indebtedness was $433.97 and asserted that it was $642.53. His calculation included $433.97 owed for forged checks, $194.96 for military pay received by the appellant during the unauthorized absence to which he pleaded guilty, and a $17.10 health and comfort payment.

■ We agree with the appellant's assertion and the government's concession that the staff judge advocate injected new matter in his addendum. The assertion that drug enforcement agencies already had the information provided by the appellant, and the assertion that the appellant owed the additional amounts of $194.96 and $17.10 were new matter within the meaning of Rule for Courts–Martial 1106(f)(7).

■ The appellant also contends that the convening authority's action does not comply with the terms of the pretrial agreement, nor is it consistent with the recommendation of the staff judge advocate. We agree. By its terms, it merely defers execution of confinement and the fine in excess of the agreed punishments; it does not disapprove them, as required by the pretrial agreement. *See* Manual for Courts–Martial, United States, 1984, Appendix 16, paragraph 12, at A16–2.

■ Finally, we note that the record is devoid of evidence that either the trial defense counsel or the appellant were served with a copy of the record of trial, as required by Rule for Courts–Martial 1104(b). We also note that substitute service of the post-trial recommendation apparently was employed, and may have been justified in view of the appellant's transfer to Fort Riley on 31 May 1990, but the statement of the trial counsel required by Rule for Courts–Martial 1106(f)(1) is not attached to the record. In view of the multiple irregularities in the post-trial processing of this case, we will not apply the presumption of regularity as we did in *United States v. Cook*, 31 M.J. 745 (A.C.M.R.1990). *See United States v. Diaz–Carrero*, 31 M.J. 920, 921 (A.C.M.R.1990) (presumption of regularity rebutted by affirmative evidence

**1010**

of noncompliance with post-trial procedures).

The government argues that the errors are harmless. We hold that the multiple errors in the post-trial processing of this case exceed the "trivial" violation referred to in *United States v. Anderson*, 25 M.J. 342, 344 (C.M.A.1987). This case must be returned for compliance with Rules for Courts–Martial 1104 and 1106 and a convening authority's action which is consistent with the pretrial agreement. *United States v. Narine*, 14 M.J. 55 (C.M.A.1982).

The 18 July 1990 action of the convening authority is set aside. The record is returned to The Judge Advocate General for a new action by the same convening authority. Such new action will be taken after service of the record of trial and the addendum is accomplished and documented in accordance with Rules for Courts–Martial 1104 and 1106, and the trial defense counsel has been served with and given an opportunity to comment upon the new matter included in the addendum to the staff judge advocate's post-trial recommendation.

Chief Judge GRAY and Judge HAESSIG concur.