UNITED STATES, Appellee,

v.

**Staff Sergeant Raul DeALVA, Sr., 450–74–6118, United States Army, Appellant.**

**ACMR 9003376.**

U.S. Army Court of Military Review.

25 June 1992.

For Appellant: Colonel Robert B. Kirby, JAGC, Captain James M. Heaton, JAGC, Captain Edward T. Keable, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Kenneth T. Grant, JAGC, Major Timothy W. Lucas, JAGC, Captain Steven M. Walters, JAGC (on brief).

Before De GIULIO, HAESSIG, and ARKOW, Appellate Military Judges.

### OPINION OF THE COURT

ARKOW, Judge:

Appellant was tried by a general court-martial composed of officer and enlisted members and was found guilty, contrary to his pleas, of burglary with the intent to commit murder and disorderly conduct in violation of Articles 129 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 929

and 934 (1982) [hereinafter UCMJ].[1] He was sentenced to a dishonorable discharge, confinement for two years, total forfeitures, and reduction to Private E1. The convening authority approved the adjudged sentence.

In this appeal appellant alleges that the evidence was insufficient as a matter of fact and law to support the conviction for burglary with the intent to commit murder. The gist of appellant's argument is that the government failed to prove that appellant broke into the dwelling house of another. He argues that he had a legal right to enter the house, which was the apartment of his girlfriend Lala and, in any event, had her consent to enter. Appellant also contends that the government failed to prove he intended to murder anyone when he entered the apartment. In support of this argument he relies primarily on the fact that the court-martial acquitted him of attempted murder. We need not consider these issues for the reasons stated in this opinion.

In addition to the errors assigned, the Court specified the following issues:

## I.

WHETHER THE MILITARY JUDGE ERRED BY INSTRUCTING THE COURT–MARTIAL THAT APPELLANT COULD BE FOUND GUILTY OF BURGLARY WITH INTENT TO COMMIT MURDER IF THE GOVERNMENT PROVED BEYOND A REASONABLE DOUBT THAT APPELLANT INTENDED TO EITHER KILL OR INFLICT GREAT BODILY HARM ON THE VICTIM (R. 618, 622, AND 623). *SEE UNITED STATES v. ROA*, 12 M.J. 210 (C.M.A.1982).

## II.

IF THE MILITARY JUDGE ERRED IN HIS INSTRUCTIONS, WHAT RELIEF SHOULD THE COURT GRANT APPELLANT?

The government concedes that the military judge improperly instructed the members concerning the requisite intent required to support a conviction on a charge of burglary. We agree, set aside the findings of guilty to that offense, set aside the sentence, and authorize a rehearing.

To support a conviction for burglary, the government must prove beyond a reasonable doubt that:

(1) That the accused unlawfully broke and entered the dwelling house of another;

(2) That both the breaking and entering were done in the nighttime; and

(3) That the breaking and entering were done with the intent to commit an offense punishable under Articles 118 through 128, except Article 123a.

Manual for Courts–Martial, United States, 1984, Part IV, para. 55b [hereinafter MCM 1984].

Concerning the third element, the government must prove beyond a reasonable doubt that appellant intended each element of murder at the time of the unlawful breaking and entering. Dep't of Army Pam. 27–9, Military Judge's Benchbook, para. 3–111 (15 Feb. 1989) [hereinafter Benchbook].

The military judge instructed on the elements of murder under the burglary charge as follows:

. . . .

Third, that the breaking and entering were done with the intent to commit the offense of murder. And before I go on and explain to you some of the terms applicable to this Specification would you desire that I go over the elements which constitute the offense of murder, or are you satisfied that you remember those elements?

[Negative response from the members.]

. . . .

Proof that the accused actually committed, or even attempted the offense of murder is not required. However, you must be convinced beyond a reasonable

---

1. Appellant was found not guilty of attempted murder and two specifications of assault in violation of Articles 80 and 128, UCMJ, 10 U.S.C. §§ 880 and 928.

doubt that the accused intended each element of the offense of that—of that offense at the time of the unlawful breaking....

Earlier in his instructions the military judge instructed the members on the offense of attempted murder:

. . . .

Proof that the offense of murder actually occurred, or was completed by the accused, is not required. However, it must be proved beyond a reasonable doubt that at the time of the act the accused intended every element of the offense of murder.

. . . .

*And that at the time of the killing the accused would have had the intent to kill or inflict great bodily harm upon the victim.* [Emphasis added.]

■ The Court of Military Appeals has repeatedly held that attempted murder requires a specific intent to kill. The intent to inflict great bodily harm is not sufficient to establish the offense of attempted murder. *United States v. Roa,* 12 M.J. 210 (C.M.A.1982). Where a military judge erroneously instructs on the requisite intent there is an appreciable risk that any findings of guilty were tainted and remedial action must be taken. *Id.,* 12 M.J. at 213. This is true even though the trial defense counsel concurred in the military judge's instructions. The military judge has a *sua sponte* duty to fully instruct on the elements of the offense. A failure to so instruct amounts to "plain error" and corrective action must be taken. *United States v. Taylor,* 26 M.J. 127 (C.M.A.1988); *United States v. Mance,* 26 M.J. 244 (C.M.A. 1988), *cert. denied,* 488 U.S. 942, 109 S.Ct. 367, 102 L.Ed.2d 356 (1988).

■ Although appellant was acquitted of attempted murder, the erroneous instruction was made part of the burglary charge. We believe that the instructional error applies to the burglary charge as well because the intended offense in the burglary charge, murder, also requires a specific intent to kill—an intent to inflict great bodily harm will not suffice. *See generally,* Benchbook, para. 3–111, note 1.

Considering the appropriate remedy for this error, the government suggests that the case be returned to the convening authority to decide whether he should assemble the original panel to reconsider their findings on the burglary charge, or, if that is impracticable, order a rehearing on the burglary charge. We disagree and will order a rehearing on that charge.

The findings of guilty of the Specification and Charge III (burglary) are set aside. The remaining findings of guilty are affirmed. The sentence is set aside. The same or a different convening authority may order a rehearing on Charge III and its specification and the sentence. If the convening authority determines that a rehearing on that charge is impracticable, he may dismiss the charge and order a rehearing on the sentence only. If the convening authority determines that a rehearing on the sentence is impracticable, he may reassess the sentence.

Senior Judge De GIULIO and Judge HAESSIG concur.