**UNITED STATES, Appellee,**

v.

**Sergeant Godfrey L. JACKSON, 123–56–6049, United States Army, Appellant.**

**ACMR 9102775.**

U.S. Army Court of Military Review.

26 Jan. 1993.

For Appellant: Captain Mark L. Toole, JAGC, Captain Alan M. Boyd, JAGC, Captain Thomas D. Wight, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major Kenneth T. Grant, JAGC (on brief).

Before WERNER, GRAVELLE, and DELL'ORTO, Appellate Military Judges.

## OPINION OF THE COURT

GRAVELLE, Judge:

Pursuant to his pleas, the appellant was found guilty of false swearing, a violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982) [hereinafter UCMJ]. A military judge sitting as a special court-martial sentenced the appellant to be reduced to Private E1 and to be discharged with a bad-conduct discharge. The convening authority approved that sentence.

The appellant asserts that his civilian defense counsel was ineffective during the post-trial phase of representation. Having examined the appellant's affidavit and the affidavit of the defense counsel in response thereto, we find that the appellant has failed to show that his counsel was ineffective. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Scott*, 24 M.J. 186 (C.M.A.1987).

However, the appellant's affidavit raises another issue not raised by appellate defense counsel. In his affidavit, the appellant asserts, without contradiction, that he first learned of the convening authority's action in the case when he was notified of it after the fact. He asserts that he was

surprised because he had not been served with either a copy of the staff judge advocate's post-trial recommendation or his copy of the record of trial. Finally, he states that after trial he was assigned to a unit at a kaserne immediately adjacent to the kaserne housing the convening authority. There is no evidence in the record of service of either document upon the appellant. There is evidence that the record was delivered to the appellant's defense counsel in Frankfurt.

Rule for Courts–Martial 1106(f)(1) was amended in 1990 to make it clear that the accused should be provided a personal copy of the staff judge advocate's post-trial recommendation. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1106(f), analysis, app. 21, at A21–73 (1990 revision) [hereinafter R.C.M.]; *see United States v. Cook,* 31 M.J. 745 (A.C.M.R.1990). This service on the accused is in addition to the service of the recommendation upon the defense counsel for the accused. Service upon the accused is not required if service is impractical because of circumstances such as military necessity and the accused being transferred to a distant place. R.C.M. 1106(f)(1). If it is not practical to serve the accused, the accused's copy shall be forwarded to the defense counsel. *Id.* When the accused is not served, a statement shall be included in the record explaining why the accused was not personally served. *Id.* When the record does not demonstrate service upon the accused, this court has accorded the staff judge advocate a presumption that he or she has properly performed these duties in the absence of evidence to the contrary. *Cook,* 31 M.J. at 746.

Article 54(c), UCMJ, and R.C.M. 1104(b)(1)(A) require that the trial counsel serve a copy of the record of trial in all general and special courts-martial upon the accused as soon as the record of trial is authenticated. *See also United States v. Cruz–Rijos,* 1 M.J. 429 (C.M.A.1976). Proof of service of the record of trial will be attached to the original record of trial. R.C.M. 1104(b)(1)(B).

■ In the case before us, the record fails to demonstrate compliance with Rules 1104(b)(1) or 1106(f). The affidavit of the appellant, supported generally by other evidence in the record and allied papers, shows that the appellant was available locally for service of the recommendation and the record. Further, the unrebutted affidavit overcomes any presumption of regularity we would normally accord to the staff judge advocate's post-trial processing of this case. *Cook,* 31 M.J. at 746; *United States v. Diaz–Correro,* 31 M.J. 920 (A.C.M.R.1990); *United States v. Dickerson,* 32 M.J. 1008 (A.C.M.R.1991). Finally, under the circumstances, we cannot conclude that the staff judge advocate's failure was trivial or was harmless to the appellant in this case. Accordingly, we will afford the appellant a new opportunity to submit his personal plea for clemency to the convening authority *prior to* his taking action on this case.[1]

The action of the convening authority dated 24 January 1992 is set aside. The record of trial will be returned to The Judge Advocate General for a new action by the same or a different convening authority in accordance with Article 60(c)–(e), UCMJ.

Senior Judge WERNER and Judge DELL'ORTO concur.

---

1. We note that after the appellant became aware that the convening authority had already taken action in this case, the appellant nevertheless prepared and submitted a personal request for clemency accompanied by a favorable letter from his first sergeant. We also note that the staff judge advocate provided these documents to the convening authority a month after he took action, and that the convening authority declined to take clemency action at that time. While the convening authority has limited clemency powers under R.C.M. 1108(b) after approval of the sentence, these powers are different than those utilized when taking action on a case. *Compare* R.C.M. 1107(d) and R.C.M. 1108(b). Further, R.C.M. 1107(f)(2) precludes the convening authority from withdrawing an action already published and after the accused is notified unless directed to do so by higher authority. *United States v. Gaspard,* 35 M.J. 678, 681 (A.C.M.R.1992).