UNITED STATES, Appellee,

v.

Specialist Sidney L. BRYANT,
243–17–0220, United States
Army, Appellant.

ACMR 9202315.

U.S. Army Court of Military Review.

28 May 1993.

For Appellant: Major Robin L. Hall, JAGC, Captain Thomas D. Wight, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Kenneth T. Grant, JAGC, Captain R.W. Clark, JAGC (on brief).

Before De GIULIO, BAKER, and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of two specifications of making and uttering worthless checks with intent to defraud, in violation of Article 123a, Uniform Code of Military Justice, 10 U.S.C. § 923a (1982). He was sentenced to a bad-conduct discharge, confinement for four months, and reduction to Private E1. The sentence was within the limitations of a pretrial agreement, and the convening authority approved it.

Appellant asserts, *inter alia,* that the record of trial should be returned to the convening authority because the trial defense counsel did not examine it prior to authentication. We disagree and affirm.

The record of trial reflects that the trial defense counsel examined it four days after the military judge authenticated the record. Within the allied papers is an errata sheet which is signed by the defense counsel. It is undated. One of the two errors in the trial transcript noted by the trial defense counsel on the errata sheet has been corrected, and the military judge's initials appear at the correction. The other error noted is of little significance. Further, a certificate of service reflects that the authenticated record of trial and the staff judge advocate's post-trial recommendation were served on the trial defense counsel. She submitted a request for clemency on behalf of appellant five days after she examined the record. In her post-trial submission, trial defense counsel does not object to the accuracy of the record of trial.

Before this court, no allegation has been made that the record of trial contains errors or omissions.

 "Except when unreasonable delay will result, the trial counsel shall permit the defense counsel to examine the record before authentication." Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1103(i)(1)(B) [hereinafter MCM, 1984 and R.C.M.]. If defense counsel finds errors or omissions in the record, appropriate suggestions are to be made to the trial counsel, objections are to be forwarded for attachment to the record, or objections are to be brought to the attention of the person who authenticates the record. R.C.M. 1103(i)(1)(B) discussion. A notation that defense counsel has examined the record should be made on the authentication page. *Id.* These provisions are generally based upon *United States v. Anderson,* 12 M.J. 195 (C.M.A.1982) and were intended to improve the accuracy of the record, reduce the necessity of certificates of correction, and obviate other problems discussed in *Anderson.* R.C.M. 1103(i)(1)(B) analysis at MCM, 1984, appendix A at A21–71. It is clear from *Anderson* that examination prior to authentication is preferred but that adequate procedures otherwise exist for correcting errors after authentication. *United States v. Anderson,* 12 M.J. at 198 (Everett, C.J., concurring in result).

 In the case before us, we are convinced that the examination of the record of trial after authentication was sufficient to permit trial defense counsel to raise objections to any errors or omissions in the record. Although we believe that trial defense counsel should be given the opportunity to examine records of trial before authentication, failure to do so will not require a return of the record to the convening authority for a new authentication without a showing of prejudice.

We call practitioners' attention to Chief Judge Everett's comment in *Anderson* that the parties should be able to resolve issues such as these without the necessity of various pleading and without bringing them before this court. *Id.* at 199–200. We find it difficult to believe that appellate counsel could not have resolved the issue of whether trial defense counsel actually examined the record before authentication and determined whether she found errors or omissions in the record before litigating this matter before this court.

The remaining assertion of error is without merit.

The findings of guilty and the sentence are affirmed.

Judge BAKER and Judge WALCZAK concur.