**UNITED STATES, Appellee**

v.

**Private First Class John D. AYALA, 524–06–0417, United States Army, Appellant**

**ACMR 9102598.**

U.S. Army Court of Military Review.

7 June 1993.

For Appellant: Captain Roy H. Hewitt, JAGC (argued); Major Fran W. Walterhouse, JAGC, Captain Teresa L. Norris, JAGC (on brief).

For Appellee: Major Timothy W. Lucas, JAGC (argued), Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC (on brief).

Before WERNER, GRAVELLE, and DELL'ORTO, Appellate Military Judges.

## OPINION OF THE COURT

GRAVELLE, Judge:

Contrary to his pleas, a general court-martial of officer and enlisted members convicted the appellant of larceny of government property and of importing explosives into the United States without a license, in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 U.S.C. § 921 and 934 (1982). The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for two years, forfeiture of all pay and allowances, and reduction to Private E1.

The appellant, while assigned to Saudi Arabia during Operation Desert Shield/Desert Storm, found 3.74 pounds of C–4, a military explosive, in the back of an Army truck and mailed it to his mother in Colorado. U.S. Customs agents intercepted the package during a customs inspection occurring at the main post office in the District of Columbia just after the mail matter entered the United States at Dulles International Airport. The appellant was charged with larceny of the explosives under Article 121, and with importing the explosives into the United States in violation of 18 U.S.C. § 842, a crime not capital, under clause 3 of Article 134.

Appellate defense counsel have asserted ten assignments of error, three of which merit discussion:

THE MILITARY JUDGE ERRED WHEN HE FAILED TO SUPPRESS THE EVIDENCE FOUND DURING THE ILLEGAL CUSTOMS INSPECTION OF THE PACKAGE MAILED BY THE APPELLANT BECAUSE THE PACKAGE WAS OPENED IN VIOLATION OF THE REQUIREMENT THAT THERE BE "REASONABLE CAUSE TO SUSPECT" THE PACKAGE CONTRARY TO LAW (sic).

THE EVIDENCE IS INSUFFICIENT AS A MATTER OF FACT AND LAW TO SUPPORT THE FINDINGS OF GUILTY BEYOND A REASONABLE DOUBT.

THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT WHEN HE INSTRUCTED THE MEMBERS USING JURY INSTRUCTIONS WHICH APPLY TO ANOTHER STATUTORY PROVISION AND COMPOUNDED THE IMPROPRIETY BY IMPROPERLY OMITTING ONE OF THE ELEMENTS OF THAT INSTRUCTION.

We disagree with appellate defense counsel regarding the first issue. With respect to the second and third issues, we agree that error occurred regarding the wrongful importation charge and that corrective action is required.

## I.

■ The appellant argues that Congress has imposed, by statute, a "reasonable cause to suspect" standard upon mail searches conducted at the national border by customs agents. He further argues that because the government did not present evidence of this "reasonable cause to suspect" at trial, all evidence (including the appellant's admissions regarding larceny of the explosives) derived from the search must be suppressed. We agree that the record of trial does not contain evidence of a "reasonable cause to suspect." [1] However, we disagree that such evidence is required.

The appellant concedes that a search conducted at the national border is generally "reasonable" for purposes of meeting the probable cause requirement of the Fourth Amendment. *See United States v. Ramsey,* 431 U.S. 606, 617, 97 S.Ct. 1972, 1979, 52 L.Ed.2d 617 (1977); *United States v. Alleyne,* 13 M.J. 331 (C.M.A.1982). He also agrees that the customs search of his package was a "border search." He argues, however, that the government has not met the statutorily-imposed "reasonable cause to suspect" standard adopted by Congress. The appellant's theory is based on language contained in 19 U.S.C. § 482, a statute governing customs activities. That statute states in pertinent part:

Any of the officers or persons authorized to ... search any trunk or envelope, wherever found, in which he may have a reasonable cause to suspect there is merchandise which was imported contrary to law; and if any such officer or other person so authorized shall find any merchandise ... in any such trunk or envelope, which he shall have reasonable cause to believe is subject to duty, or to have been unlawfully introduced into the United States, ... he shall seize and secure the same for trial.

The appellant's theory is based on decisions of the Supreme Court and the federal courts construing this particular statute.

In *Ramsey,* the Supreme Court held that 19 U.S.C. § 482, as implemented by postal regulations, authorized customs officials to inspect incoming international letter mail only when these officials have a "reasonable cause to suspect" that the mail contained illegally-imported merchandise. 431 U.S. 606, 97 S.Ct. at 1974. Based on this holding, the United States Court of Appeals for the Ninth Circuit has applied a "reasonable cause to suspect" standard in cases involving customs inspections of incoming international first-class letter mail. *DeVries v. Acree,* 565 F.2d 577 (9th Cir. 1977). More recently, the Ninth Circuit construed the statute to include parcel mail as well as letter mail. *United States v. Sandoval Vargas,* 854 F.2d 1132, 1140 n. 18 (9th Cir.) (dictum), *cert. denied,* 488 U.S. 912, 109 S.Ct. 270, 102 L.Ed.2d 257 (1988). At least one district court within the Ninth Circuit has felt itself bound by this judicial remark. *See United States v. Nguyen,* 701

---

1. The customs supervisor who testified at trial was not the agent who opened the appellant's package. The supervisor testified that trucks full of inbound mail are sealed at Dulles International Airport and taken to the main post office in the District of Columbia. There, trucks are selected at random for a one hundred percent check of the mail, except for diplomatic mail and mail addressed to the President of the United States. Although the testimony was not clear, apparently all packages on the truck were opened.

F.Supp. 747, 750 (D.Hawaii 1988). The Fourth Circuit has also concluded that a "reasonable cause" standard applies to customs inspections of incoming international parcel mail. *United States v. Safari*, 849 F.2d 891, 894 (4th Cir.), *cert. denied*, 488 U.S. 945, 109 S.Ct. 374, 102 L.Ed.2d 363 (1988).

The First, Third, Fifth, and Seventh Circuits, however, have found no such limitation on the authority of customs agents to search incoming mail packages. The United States Court of Appeals for the Third Circuit, in *United States v. Glasser*, held that customs officials have authority to search mail packages without articulating "reasonable cause." *United States v. Glasser*, 750 F.2d 1197 (3rd Cir.1984), *cert. denied sub nom. Erdlen v. United States*, 471 U.S. 1018, 105 S.Ct. 2025, 85 L.Ed.2d 306 (1985). The court in *Glasser* relied on an entirely different statute, 19 U.S.C. § 1582, which authorizes customs agents to. search "persons and baggage" without reference to a "reasonable cause" standard. *Glasser* distinguished between border searches of letter mail and package mail. *Glasser*, 750 F.2d at 1203–05.[2] Other circuits have also relied on 19 U.S.C. § 1582 to reach the same result. *See United States v. Pringle*, 576 F.2d 1114, 1116 (5th Cir.1978); *United States v. Emery*, 541 F.2d 887, 889 (1st Cir.1976) (a pre-*Ramsey* decision); *United States v. Odland*, 502 F.2d 148, 150 (7th Cir.), *cert. denied*, 419 U.S. 1088, 95 S.Ct. 679, 42 L.Ed.2d 680 (1976) (random searches of international mail at the border; a pre-*Ramsey* decision).

We find the reasoning in *Glasser* persuasive. It is also in accordance with military precedents concerning border searches. *See generally, United States v. Alleyne*, 13 M.J. 331 (C.M.A.1982); *United States v. Stringer*, 34 M.J. 667 (A.C.M.R.), *pet.*

*granted,* 36 M.J. 210 (C.M.A.1992); *United States v. Williamson*, 28 M.J. 511 (A.C.M.R.1989); Military Rule of Evidence 314(b). We hold that the customs agents were not required to have a "reasonable cause to suspect" that Private Ayala's mail parcel contained material illegally introduced into the United States, and that the border search of the appellant's incoming international mail package was lawful.[3]

## II.

With regard to the wrongful importation charge, the appellant next asserts that the evidence is legally and factually insufficient to prove the offense, and that the military judge erroneously instructed the members using instructions which apply to another offense contained within the same statute. We agree.

A "specification" is defined in Rule for Courts–Martial 307(c)(3) as "a plain, concise, and definite statement of the essential facts constituting the offense charged." *See also United States v. Sell*, 3 U.S.C.M.A. 202, 11 C.M.R. 202 (1953). All specifications alleging a violation of the third clause of Article 134, UCMJ, must set forth the elements of the underlying statute. *United States v. Mayo*, 12 M.J. 286 (C.M.A.1982).

The specification at issue in the case before us reads as follows:

In that Private First Class John D. Ayala, United States Army, Headquarters and Headquarters Company, 307th Engineer Battalion, 82d Airborne Division, did, on or about 22 January 1991, at some location in Saudi Arabia, wrongfully import explosive materials, to wit: C–4 explosive, into the United States without a license, which importation was in violation of Title 18, Section 842.

2. This distinction, found in customs regulations cited in the opinion, affords greater protection for sealed correspondence, and is apparently based on First Amendment considerations. *Id.* at 1205.

3. In deciding this issue, we have considered the supplemental brief filed subsequent to oral argument by the appellate defense counsel. We agree that the appellant's motion was sufficient-

ly specific to avoid waiver in this case. We do not agree with his argument regarding 19 U.S.C. § 1582. Further, our holding makes it unnecessary to reach the question whether suppression of evidence is an appropriate remedy for a violation of 19 U.S.C. §§ 482 or 1582. We note that a motion to suppress was the vehicle used to raise the issue at trial in *Glasser, Sandoval Vargas* and *Nguyen*.

Title 18, Chapter 40 of the United States Code contains several discrete offenses, two of which are pertinent to this case. The first offense makes it unlawful for any person:

> to engage in the business of importing, manufacturing, or dealing in explosive materials without a license issued under this chapter;[4]

18 U.S.C. § 842(a)(1).

The second offense makes it unlawful for any person, other than a licensee or permittee knowingly:

> to transport, ship, cause to be transported, or receive in interstate or foreign commerce any explosive materials....

18 U.S.C. § 842(a)(3)(A).

 The test for legal sufficiency is whether, considering the evidence in the light most favorable to the prosecution, a reasonable fact-finder could have found all the essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The test for factual sufficiency is whether, after weighing the evidence in the record of trial and having made allowances for not personally observed the witnesses, we are convinced of the appellant's guilt beyond a reasonable doubt. *United States v. Turner*, 25 M.J. 324, 325 (C.M.A.1987).

Using the standards for testing the sufficiency of specifications and for sufficiency of the evidence set out above, we find that the plain language of the specification alleges a violation of section 842(a)(1), despite the trial counsel's assertions that he intended to prove a violation of 18 U.S.C. § 842(a)(3)(A).[5] We hold that, while the government may have proved an offense not charged, it failed to prove the offense that was charged. Accordingly, we will set aside and dismiss the charge, and reassess the sentence.

Assuming, *arguendo*, the evidence was legally and factually sufficient, corrective action would be required as to this charge because the military judge erroneously instructed the members on the elements of 18 U.S.C. § 842(a)(3)(A) and not on § 842(a)(1). *See United States v. Taylor*, 26 M.J. 127 (C.M.A.1988); *United States v. Mance*, 26 M.J. 244, 254–56 (C.M.A.), *cert. denied*, 488 U.S. 942, 109 S.Ct. 367, 102 L.Ed.2d 356 (1988); *United States v. DeAlva*, 34 M.J. 1256, 1258 (A.C.M.R.1992).

We have reviewed the remaining assigned errors and those personally raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find them to be without merit.

The findings of guilty of the Specification of Charge II and Charge II are set aside and are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the entire record and the error noted, taking into account *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), this court affirms only so much of the sentence as provides for a dishonorable discharge, confinement for eighteen months, forfeiture of all pay and allowances, and reduction to Private E1.

Senior Judge WERNER and Judge DELL'ORTO concur.

---

**4.** Chapter 40 of the United States Code is titled "Importation Manufacture, Distribution, and Storage of Explosive Materials." "Importer" is defined for purposes of this chapter as "any person engaged in the business of importing or bringing explosive materials into the United States for purposes of sale or distribution." 18 U.S.C. § 841(g). "Manufacturer" means "any person engaged in the business of manufacturing explosive materials for purposes of sale or distribution or for his own use." 18 U.S.C. § 841(h). "Dealer" is defined as "any person

engaged in the business of distributing explosive materials at wholesale or retail." 18 U.S.C. § 841(i). "Distribute" means "sell, issue, give, transfer, or otherwise dispose of." 18 U.S.C. § 841(n).

**5.** The defense counsel, on the other hand, urged elements relating to subsection (a)(1). The confusion as to the exact crime charged persisted throughout trial.