**UNITED STATES, Appellee,**

v.

**Private First Class Kenneth C. LOWERY, 466–83–7923, United States Army, Appellant.**

**ACMR 9201733.**

U.S. Army Court of Military Review.

22 Sept. 1993.

---

For Appellant: Major Robin L. Hall, JAGC, Captain Lawrence W. Andrea, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Timothy W. Lucas, JAGC, Captain Sheila E. McDonald, JAGC (on brief).

Before GRAVELLE, JOHNSTON, and BAKER, Appellate Military Judges.

## OPINION OF THE COURT

BAKER, Judge:

Pursuant to his pleas, the appellant was found guilty of conspiracy to commit robbery and robbery, in violation of Articles 81 and 122, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 922 (1988). A military judge sitting as a general court-martial sentenced him to a dishonorable discharge, confinement for ten years, forfeiture of all pay and allowances, and reduction to Private E1. In compliance with a pretrial agreement, the convening authority reduced the confinement to three years, but otherwise approved the sentence.

Appellant asserts, inter alia, that post-trial processing errors in this case require a new review and action. We disagree.

Appellant first asserts that there is no record that the trial defense counsel was afforded the opportunity to examine the record of trial before it was authenticated by the military judge. This opportunity is provided for in Rule for Courts–Martial 1103(i)(1)(B) [hereinafter R.C.M.]. This court recently reviewed this rule and its implications. *United States v. Bryant*, 37 M.J. 668 (A.C.M.R.1993).

■ In this case the record was forwarded to this court without any clear indication that the record was ever reviewed by the trial defense counsel. Government appellate counsel has submitted an affidavit prepared by the post-trial processing clerk which indicates that, almost eight months after the fact, the trial defense counsel remembers having received a copy of the record of trial for review prior to authentication by the military judge. We also note that the trial defense counsel did not mention any lack of opportunity to examine the record in a post-trial submission to the convening authority. Nor does appellate defense counsel assert any prejudice. Even if R.C.M. 1103(i)(1)(B) was violated, we find no reason to return the record of trial for further review.

■ Appellant also asserts that there is no record that the record of trial was served on the trial defense counsel and the appellant. Service of a copy of the record of trial on the accused is required by R.C.M. 1104(b)(1)(A). Substitute service on the defense counsel is permitted when service on the accused is impractical. The trial defense counsel is not independently entitled to service of the authenticated record of trial. Rule for Courts–Martial 1106(f)(3) does, however, require the staff judge advocate to provide the trial defense counsel with a copy of the record of trial for use while preparing a response to the post-trial recommendation.

■ The staff judge advocate's post-trial recommendation includes a statement that, "this recommendation and an authenticated copy of the record of trial have been served upon the accused and his defense counsel." As to service of the record of trial, we will take the staff judge advocate's statement at face value. The trial defense counsel's request for a twenty-day extension to submit post-trial matters also indicates that he had received a copy of the record of trial. On the other hand, appellant maintained in a letter to appellate defense counsel long after action was taken in this case that he had not been served with a copy of the record of trial. Because the appellant was court-martialed in Germany but transferred to the United States for confinement, we conclude that the staff judge advocate's statement is accurate to the extent it proves substitute service of the record of trial upon defense counsel. *See*

*United States v. Jackson,* 36 M.J. 757 (A.C.M.R.1993).

Appellant further asserts that there is no record that the staff judge advocate's post-trial recommendation was served on either the trial defense counsel or the appellant. Service of a copy of the post-trial recommendation on both the defense counsel and the accused is required by R.C.M. 1106(f)(1), as adopted from procedures set out in *United States v. Goode,* 1 M.J. 3, 23 U.S.C.M.A. 367, 50 C.M.R. 1 (C.M.A.1975). Substitute service of the accused's copy on defense counsel is permitted when service on the accused is impractical or the accused so requests.

The staff judge advocate's statement is not helpful as to service since the recommendation could hardly have been served before it was signed. However, trial defense counsel's request for a twenty-day extension to submit post-trial matters indicates that he did, in fact, receive the recommendation. This is further verified in an affidavit submitted by the post-trial processing clerk. While the record includes neither proof of service on appellant nor an explanation as to why such service was impractical, this court will accord the staff judge advocate a presumption that service or substitute service was performed properly absent evidence to the contrary. *United States v. Cook,* 31 M.J. 745 (A.C.M.R.1990).[1]

The real issue in this case is whether appellant and his trial defense counsel received adequate opportunity to submit R.C.M. 1105 and R.C.M. 1106 submissions. Rule for Courts–Martial 1105(b) provides that, "[t]he accused may submit to the convening authority any written matters which may reasonably tend to affect the convening authority's decision whether to disapprove any findings of guilty or to approve the sentence." Rule for Courts–Martial 1106(f)(4) provides that, "[c]ounsel for the accused may submit, in writing, corrections or rebuttal to any matter in the [staff judge advocate's] recommendation believed to be erroneous, inadequate, or misleading, and may comment on any other matter." Submissions must be made within ten days from service of the record of trial or the staff judge advocate's recommendation, whichever is later. The convening authority, for good cause, may extend this period for up to twenty additional days. Failure to provide the opportunity for R.C.M. 1105 and R.C.M. 1106 submissions would require that we return this case for a new recommendation and action. *United States v. Moseley,* 35 M.J. 481 (C.M.A.1992).

Eighteen days after he signed his recommendation, the staff judge advocate signed an addendum indicating that appellant had not submitted any R.C.M. 1105 matters and on that same day the convening authority took action. The trial defense counsel's request for a twenty-day extension is dated one day later. Six days after the action, the staff judge advocate signed a second addendum to his recommendation. Attached were clemency matters, submitted by the trial defense counsel. In the addendum the staff judge advocate opined that consideration of these matters by the convening authority was not required since the matters had not been submitted within the ten-day period provided by R.C.M. 1105.[2] We agree. Although

---

1. Although the form of proof of service is not prescribed and may be by any appropriate means, asserting service in the staff judge advocate's recommendation hardly seems adequate. *See United States v. Hill,* 3 M.J. 295 (C.M.A. 1977). It is evident from the problems in this case and other cases raising similar issues that service should be proven through contemporaneously prepared certificates of service—not through presumptive assertions in the staff judge advocate's recommendation, post-action affidavits, or reliance on presumptions of regularity.

2. In this same addendum, the staff judge advocate recommended that the convening authority consider the late submission notwithstanding his opinion that consideration was not required. The convening authority did so, but chose to "affirm" his final action. We do not agree with appellant's assertion that this was "merely a legally hollow formality." In the circumstances of this case, unlike those in *Jackson,* 36 M.J. 757, the convening authority still had an opportunity to modify his initial action before publication or official notice to the appellant, as provided for in R.C.M. 1107(f)(2). We do not

**1042**

there is uncertainty as to exactly when the recommendation was served, we will presume regularity in the circumstances of this case. We note particularly that the trial defense counsel's submission makes no mention that he had been given fewer than ten days to prepare and submit matters.

The remaining assertions of error, including the matter personally raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), are also without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge GRAVELLE and Judge JOHNSTON concur.

commend this approach. While we understand convening authorities' processing time concerns, the better practice is to ensure trial defense counsel and accused have every opportunity to submit post-trial matters before cases are forwarded to convening authorities.