**UNITED STATES, Appellee**

v.

**Private First Class John D. AYALA, 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, United States Army, Appellant.**

**ACMR 9102598.**

U.S. Army Court of Military Review.

29 Oct. 1993.

For Appellant: Captain Roy H. Hewitt, JAGC (argued); Major Fran W. Walterhouse, JAGC, Captain Teresa L. Norris, JAGC (on briefs).

For Appellee: Major Timothy W. Lucas, JAGC (argued); Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC (on brief); Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC, Captain Gregory T. Baldwin, JAGC (on brief); Lieutenant Colonel Thomas E. Booth, JAGC, USAR.

Before WERNER, GRAVELLE and LANE, Appellate Military Judges.

### OPINION OF THE COURT ON FURTHER REVIEW.

GRAVELLE, Senior Judge:

Contrary to his pleas, a general court-martial composed of officer and enlisted members convicted the appellant of larceny of government property and of importing explosives into the United States without a license, in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 U.S.C. § 921 and 934 (1988) [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a dishonorable discharge, confinement for two years, forfeiture of all pay and allowances, and reduction to Private E1.

On 7 June 1993, this court issued its original opinion in this case, in which we set aside the findings of guilty of importing explosives into the United States and affirmed the larceny conviction. After reassessing the sentence, this court affirmed the adjudged sentence. *United States v. Ayala*, 37 M.J. 632 (A.C.M.R.1993). On 28 June 1993, appellate defense counsel asked this court to reconsider the question of the legality of a customs search, and suggested that the matter be heard by the court en banc. Appellate defense counsel further moved this court to consider eight supplemental assignments of error.[1] On the

---

1. In a written motion requesting that we consider the eight additional assignments of error, the appellate defense counsel stated that "appellate defense counsel did not recognize or did not know about the issues briefed herein until after this court's decision on 7 June 1993." This court does not favor piecemeal litigation such as that presented to us in this case, and such practice should be avoided in the future. *See* C.M.R. R. 15 and A.C.M.R. R. 15.1.

same date, government appellate counsel likewise moved for reconsideration and for an en banc hearing, because of their disagreement with our holding regarding dismissal of the importation charge. The government opposed the motion to submit supplemental assignments of error.

In an order dated 30 July 1993, this court denied the motions for reconsideration, announced that the suggestion for a hearing en banc had not been favorably considered by the court, and granted the appellant's motion to consider the eight supplemental assignments of error (thus granting reconsideration of the case as to these issues only). The order did not vacate our previous decision. Having considered those eight additional assignments of error, we find them to be without merit for the reasons discussed below.

■ In an affidavit submitted to this court, a friend of the appellant asserts that he attempted, after trial, to obtain clemency recommendations on behalf of the appellant from members of his unit for submission to the convening authority pursuant to Rule for Courts–Martial 1105 [hereinafter R.C.M.]. He claims that he was unable to obtain the recommendations because he encountered "a continued pattern of resistance" from members of the appellant's chain of command to write clemency letters. The friend speculates that "everyone in the chain felt restrained from recommending clemency even though they felt [Ayala's] sentence was too harsh." Based on this affidavit, the appellant now asserts that "command influence" affected his ability to obtain favorable post-trial clemency statements.[2] We have reviewed the affida-

vit of the friend and find that the appellant has failed to present sufficient credible evidence to meet his burden of showing command interference with the gathering of favorable post-trial letters recommending clemency. At best, his evidence amounts to no more than a generalized, unsupported claim of command control. *Green v. Convening Authority*, 19 U.S.C.M.A. 576, 42 C.M.R. 178, 181 (1970). Thus, the appellant has failed to shift the burden of persuasion to the government. *See United States v. Levite*, 25 M.J. 334, 340–41 (C.M.A.1987) (Cox, J., concurring); *United States v. Whitaker*, 21 M.J. 597, 599 (A.C.M.R.1985); *United States v. Cruz*, 20 M.J. 873, 885–96 (A.C.M.R.1985) (en banc), *rev'd in part*, 25 M.J. 326 (C.M.A.1987). *See also United States v. Allen*, 31 M.J. 572, 590 (N.M.C.M.R.1990), *aff'd*, 33 M.J. 209 (C.M.A.1991), *cert. denied*, — U.S. —, 112 S.Ct. 1473, 117 L.Ed.2d 617 (1992).

■ The appellant also asserts that: (1) the record of trial and the post-trial recommendation were not served upon him in a timely manner as required by R.C.M. 1104(b)(1)(A) and 1106(f)(2); (2) that the convening authority failed to consider his post-trial submissions prior to taking action on the case; and, (3) that he received ineffective post-trial assistance of counsel. We disagree. In an affidavit filed with this court, the chief of military justice for the staff judge advocate asserts that the appellant was incarcerated at a confinement facility some distance away, and therefore the defense counsel received "substitute service" of the post-trial recommendation and record of trial. We find sufficient

---

**2.** A review of precedents dealing with violations of Article 37, UCMJ, shows that command influence normally occurs prior to or during the judicial proceedings. Article 37 states in pertinent part:

No person subject to this chapter may attempt to coerce or, by any unauthorized means, influence the action of a court-martial or any other military tribunal or any member thereof, in reaching the findings or sentence in any case, or the action of any convening, approving, or reviewing authority with respect to his judicial acts.

We have found only one precedent briefly discussing "post-trial command influence." *See*

*United States v. Jameson*, 33 M.J. 669, 673 (N.M.C.M.R.1991) ("[W]e view unlawful command influence directed against actual or prospective providers of favorable Article 60(b)(1), UCMJ, matters as an analog of unlawful command influence directed against actual or prospective witnesses at trial.") *See also United States v. Baum*, 30 M.J. 626, 631 (N.M.C.M.R. 1990) (issue raised but not decided). We will assume without deciding, that a broad interpretation of Article 37 can proscribe an attempt to deprive a soldier, and a convening authority, of favorable post-trial recommendations for clemency. In any event, we find the command influence methodology helpful in deciding this issue.

compliance with R.C.M. 1104(b) and 1106(f). *See* R.C.M. 1104(b)(1)(C) and 1106(f)(1); *United States v. Lowery*, 37 M.J. 1038 (A.C.M.R.1993).

Next, we have reviewed the affidavit submitted by the staff judge advocate and are satisfied that the convening authority considered the appellant's post-trial submissions in a timely manner prior to taking action in this case. This affidavit is supported by documents in the allied papers: the appellant's submissions are included as attachments to the staff judge advocate's addendum, and the convening authority had personally initialed and dated the packet of clemency documents. *See generally United States v. Ericson*, 37 M.J. 1011 (A.C.M.R.1993) (and cases cited therein).

Finally, we have reviewed the post-trial submissions of the defense counsel and the appellant, and affidavits submitted by the appellant, by a friend of the appellant, and by the trial defense counsel, and find that the appellant has failed to meet his burden in showing that his counsel was ineffective in the post-trial phase, under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

We have also reviewed the remaining supplemental issues raised by the appellant and find them to be without merit.

The findings of guilty and the sentence as affirmed by this court on 7 June 1993 remain in effect.

Senior Judge WERNER and Judge LANE concur.